Wheelbe, J.
The plaintiffs having confined their objection at the trial to-one ground, which questioned the competency of the evidence to maintain the issue, cannot be heard first to urge the objection here that the record was not properly authenticated or proved, but must he confined to the objection taken in the court below.
The only question, therefore, is as to the competency of the evidence offered.
A prior adjudication on the merits by competent authority of the same cause of action between the same parties is a bar to. a subsequent suit.
It was competent for the defendant to prove, as he proposed to do by parol evidence, that the present and former suit were for the same cause of action. (Foster v. Wells, 4 Tex. R., 101.) They appear to have been between the same parties. Was the former a decision upon the merits by competent authority? This is the only question which seems to admit of a doubt; and this, it is conceived, must be answered in the negative.
The terms of the judgment imply that tire justice decided on his view of the law upon the merits. But after the case had been submitted to a jury upon 'the merits the justice had no authority to withdraw it from them and dismiss the casé. It was the right of the plaintiffs to have a trial by jury, on whose verdict it was the duty of the justice to give judgment. (Hart. Dig., art. 1723.) But after the case had been submitted to the jury, and they had heard the evidence on behalf of the plaintiffs, the justice withdrew it from them and dismissed it. This, on the part of the justice, was a clear usurpation. It was the arbitrary exercise of an authority which he could not legally exercise. It does not matter what his reasons were, or what, view he took of the merits of the plaintiff’s case; his action was without the authority of law, or, at most, it was a judgment of dismissal. And in either view it was no bar to another suit upon tlie same cause of action.
We are of opinion that the judgment he affirmed.
Judgment affirmed.