W. E. CRADDOCK ET AL. V. SUMMERFIELD EDWARDS ET AL.

No. 3027.

1. **Abandonment of Homestead by Widow.**—See facts held sufficient to sustain a verdict of abandonment by the widow of the homestead which had been set apart to her in administration of her husband's estate.

2. **Homestead—Decree Explained by Record.**—The wife of Edwards died devising her share in community property to her children. The husband married again and resided upon the old homestead. He died intestate and the homestead was set apart by the Probate Court to his widow. The children of the first marriage brought suit against her, claiming under their mother, for partition of the homestead. In the suit partition was made, the plaintiffs recovering one-half. In the decree confirming

the partition it was declared "that the said Kate Knight Edwards (widow) do have the sole and exclusive possession thereof (of that allotted her) for the purposes of a homestead for and during her natural life." The widow married again and went with her husband to New Orleans where he was engaged in business. The heirs of the husband brought suit for five-sixths of the homestead, recognizing only the life-estate of the widow in the separate property of her husband. She pleaded the decree in the former suit in bar of the action. *Held*, that the former decree as explained by the record was merely intended to set apart to her her husband's interest in the property, with such rights in it as the Constitution conferred upon her as surviving wife, by reason of its having been the homestead of the family at the death of her husband.

Appeal from Kaufman. Tried below before Hon. Anson Rainey. The opinion states the case.

*Manion & Huffmaster*, for appellants. 1.—In a case like this, where it is claimed that there is an abandonment of the homestead without any other homestead being acquired, the proof to show abandonment should be clear and satisfactory, and in this case it is insufficient. Foreman v. Meroney, 62 Texas, 726; Cox v. Harvey, 1 Posey's U. C., 269; McDannell v. Ragsdale, 71 Texas, 25; Jones v. Robbins, 74 Texas, 615; Graves v. Campbell, 74 Texas, 576.

2. The court erred in refusing to give the following instruction asked by defendant: "The jury are charged that the legal effect of the decree read in evidence of the District Court of Kaufman County was to vest a life-estate in Mrs. Craddock to the premises therein set apart to her, and that she would not forfeit her rights therein by not living on said premises, or by leaving the same and going to the State of Louisiana, if you believe from the evidence she so went."

3. No rule of law is more firmly settled than that written instruments must generally be construed by the court and their legal effect declared. San Antonio v. Lewis, 9 Texas, 69; Cook v. Dennis, 61 Texas, 249; Taylor v. McNutt, 58 Texas, 73.

*T. J. Brown*, also for appellants, filed an argument.

*W. H. Allen* and *Word & Charlton*, for appellees.—1. If defendant W. E. Craddock at date of marriage was a resident citizen of the State of Louisiana and was permanently residing in said State at said time, and his wife at date of the marriage willingly went with him to said State intending to live with him in Louisiana and reside with him there, and at time of marriage and of going to Louisiana it was Craddock's intention for him and his wife to permanently reside in Louisiana, such residence in Louisiana would deprive Mrs. Craddock of any homestead rights in Texas, regardless of what intention she may have had. Reece v. Renfro, 68 Texas, 194; McElroy v. McGoffin, 68 Texas, 210; Slavin v. Wheeler, 61 Texas, 659.

2. The legal effect of the decree rendered in evidence in the District Court of Kaufman County, when read in light of the pleadings and all the facts of the case in which said decree was entered, shows beyond all question that the suit was for the sole purpose of setting aside to Mrs. Edwards (now Mrs. Craddock) a homestead, and that the life estate was not litigated nor partitioned. Roberts v. Johnson, 48 Texas, 137; Freem. on Judg., 2 ed., secs. 273, 274.

GAINES, ASSOCIATE JUSTICE.—The property in controversy, a lot in the city of Terrell, was originally the homestead of A. D. Edwards and his first wife Florence Edwards, and was a part of their community estate. Florence Edwards died in the year 1877, having devised her interest to her children. In the year 1880 Edwards intermarried with Mrs. Kate Knight, who is now Mrs. Craddock, one of the appellants in this suit. He continued to reside on the property in controversy until his death, which occurred in the year 1882. In due course of the administration of his estate the entire homestead, consisting then of four acres of land with the improvements thereon, were set apart to his widow, now Mrs. Craddock, and to his minor children. Subsequently the appellees in this suit brought suit in the District Court of Kaufman to recover as devisees of their mother a half interest in the homestead tract and for partition of the property. A judgment was rendered in their favor. Commissioners were appointed, who divided the property, setting apart to Mrs. Kate Edwards, now Mrs. Craddock, an acre of the land, upon which the family residence was situated, and to appellees the other three acres. This partition was confirmed by a decree of the court. Mrs. Edwards continued to reside upon the part so set apart to her until the year 1888, when she intermarried with her coappellant William E. Craddock and went with him to New Orleans, where he was temporarily residing.

This suit was brought by the appellees as the heirs of A. D. Edwards, their father, and devisees under the will of their mother, to set aside the former partition on the ground of its inequality and of fraud or mistake in its procurement, and for a partition of the entire tract of four acres, so as to set apart to Mrs. Craddock a one-sixth interest for life and to them five-sixths in fee simple and a remainder in the other one-sixth. They obtained a verdict, and judgment was rendered in accordance with the prayer of their petition.

The assignments of error relied on by appellants complain of the action of the court in overruling the motion for a new trial, on the ground that the verdict was contrary to the evidence, and of the refusal of the court to give a special instruction as to the effect of the decree of the District Court in the former suit confirming the partition of the property between the parties.

Counsel very strenuously urge that the evidence does not show such an abandonment by Mrs. Craddock of the property as a homestead as would subject it to a partition among the heirs of the husband. The able arguments and exhaustive review of the authorities submitted by them would apply to the case if the question of abandonment had depended alone upon Mrs. Craddock's testimony.   She testified that her removal to New Orleans was temporary, and that when she removed it was her intention to return to Terrell and occupy the property as her homestead.   But there was other evidence in conflict with this.   There was testimony which, if the witnesses were to be believed, tended very strongly to show that immediately after her marriage she left for New Orleans with the intention never to return to Terrell to make it her home.   Besides, William E. Craddock, who is the husband of appellant Kate Knight Craddock, and who is a party pro forma to the suit, testified by deposition that at the time of their marriage he was engaged in business in New Orleans but that his home was in Virginia, and that he still considered that his home was in that State.   He does not say that at the time of the marriage he had any intention of making his home in Texas, but does testify in effect that at the time his deposition was taken he did intend to come to Terrell to live.   Since the husband has the right to fix the home of the family, it may be that his intention in removing his wife from her former home ought to have a controlling effect.   But in this case the court in its charge made the question of the abandonment of the homestead to depend upon the wife's intention at the time of the removal.   The appellants have not complained of the charge.   It is not subject to just complaint on their part, for it is altogether favorable to them.   It was then a question for the jury, and there being a conflict in the evidence their verdict can not be disturbed in this court without departing from our uniform rule of decision.   Clearly there is not such a preponderance of evidence in favor of the appellants as would justify us in holding that the court below should have granted a new trial, and in reversing the judgment.

In the second place, the appellants complain that the court erred in refusing to give the following instruction:   "The jury are charged that the legal effect of the decree read in evidence of the District Court of Kaufman County was to vest a life-estate in Mrs. Craddock to the premises therein set apart to her, and that she would not forfeit her rights therein by not living on said premises or by leaving the same and going to the State of Louisiana, if you believe from the evidence she so went."

The suit in which the decree referred to was rendered was the suit previously mentioned brought by the plaintiffs herein to recover their mother's interest in the homestead of their parents.   The statement of facts does not set out in full a copy of the final judgment in that suit—that is to say, the judgment which fixed the rights of the parties and

ordered the partition; nor does it show what the pleadings were. We merely learn from it that the property in controversy had been set apart by the County Court to Mrs. Edwards, now Mrs. Craddock, and to A. D. Edwards' minor children as a homestead; that the children of the first wife brought suit to recover their mother's community interest, and that the court adjudged to them an undivided one-half of the property and ordered a partition. But the decree approving the partition appears in the record at length. After approving the report of the commissioners and describing the property set apart to Mrs. Kate Edwards, it proceeds as follows: "And that the said Kate Knight Edwards do have sole and exclusive possession thereof for the purposes of a homestead for and during her natural life." Now we understand the contention to be that this decree vested an unconditional life-estate in Mrs. Craddock in the property so set apart to her, and that not having been set aside or reversed it is conclusive of the rights of the parties in the present action. The conclusiveness of the decree may be conceded. But did it vest an unconditional life-estate in the appellant Mrs. Craddock? Decrees, like other writings, frequently require construction, and when such is the case the nature of the rights asserted in the suit by the parties respectively should be looked to in order to throw light upon their interpretation. Although the record does not disclose what the pleadings were in the suit in which the decree was rendered, it does appear with reasonable certainty that the defendant therein was entitled to a homestead in the property to the extent of her deceased husband's half interest, and that the plaintiffs in the suit were owners in fee of the other half interest and sought to recover it. Exclusive of her homestead right, Mrs. Edwards was entitled only to a one-sixth interest for life. The judgment was that the plaintiffs should recover one undivided half, and a partition was ordered. Is it not then clear that the judgment was intended merely to secure to the plaintiffs one-half of the property and to leave the defendant in possession of the other half in virtue of her right of homestead? Such being the facts, can it be said that the court by the use of the language quoted from the decree of confirmation intended to adjudge to Mrs. Craddock an absolute life-estate in the property set apart to her? We think not. In our opinion it was merely intended to set apart to her her husband's interest in the property, with such rights in it as the Constitution conferred upon her as surviving wife by reason of its having been the homestead of the family at the death of her husband. The decree should be construed as if it read, "that she have the exclusive possession thereof for her natural life, provided she continues to use or occupy it as a homestead." We think, therefore, that the court properly refused the instruction.

It is not clear to us that there was any sufficient ground for setting aside the former partition and making a new partition of the entire

property. But there is no assignment of error in the brief which raises that question, and we can not consider it.

There being no error pointed out by the assignments, the judgment is affirmed.

*Affirmed.*

Delivered October 13, 1891.