[No. 3490. Decided June 30, 1900.]

P. J. McGOWAN, *Respondent,* v. ISAAC SMITH *et ux., Appellants.*

PARTITION AUTHORIZED BY WILL.—ALIENATION BY DEVISEE OF INTEREST—RIGHTS OF GRANTEE.

Where lands were devised to two sons, which they were authorized by the will to partition between themselves, and one, with the knowledge of the other, conveyed away his interest, the grantee succeeded to all the rights of the grantor, who thus became debarred of all rights and interest in the partition.

SAME—ORDER OF DISTRIBUTION—NECESSITY OF NOTICE.

Under Bal. Code, §§ 6357, 6361, which provides that partition and distribution of real estate in the probate court is made on the application of the executor or administrator, or any person interested in the estate, and only upon notice as required upon an application for the sale of land by an executor or administrator; and that partition may be had, although some of the original heirs or devisees may have conveyed their shares to other persons, who shall be entitled to an assignment of such

portion in the same manner as the heirs or devisees would have been; an order of distribution made by the probate court under the provisions of the will, without notice to the grantee of the undivided moiety of one of the devisees was void.

SAME—LACHES.

The fact that a grantee of a devisee's interest in lands failed to bring suit for partition until several years after an order of distribution and partition had been made by the probate court does not amount to laches, when he had no notice of the attempted division of the premises and the land was uncultivated and unoccupied and there was nothing to put him on inquiry.

Appeal from Superior Court, Pacific County.—Hon. HENRY S. ELLIOTT, Judge. Affirmed.

*Fred L. Rice* and *A. E. Rice,* for appellants.

*Fulton Bros.* and *Hewen & Stratton,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action for partition of real property in Pacific county. Plaintiff (respondent) and appellants deraigned title from a common source. Almoran Smith, in March, 1875, devised his real estate, the property in controversy here, to his two sons, Amos and Isaac. After giving his daughter one cow, his will proceeded:

" The remainder of my property, both real and personal, I bequeath to my sons, Amos and Isaac, in equal quantities, one of which shall divide the said real and personal property and the other shall take his choice of the two parts so divided, and the remaining part shall be taken by the one dividing the same."

The will further names the executor, and provides that letters of administration should not be required. No partition having yet been made between Amos and Isaac Smith, in July, 1887, Amos Smith duly conveyed, by a proper deed of warranty, an undivided one-half interest in the real property devised to him and to his brother, to

respondent, which deed was duly placed of record at that time. On December 13th following, Amos Smith and his brother, the defendant, made a partition of the real property by a written instrument, describing themselves as devisees of the will, and reciting:

"Amos Smith divides as follows: by drawing a line east and west through the center of the south half of the aforementioned premises, and thereupon Isaac Smith selects the north half thereof. And also divides lot 5, section 26, township 15, containing 28.47 acres, by drawing a line north and south, and Isaac Smith selects the east half thereof."

This instrument was presented to the probate court, with a petition that the court dispense with the publication of notice to show cause why a decree of distribution should not be made, so as to obviate unnecessary expense, and that distribution be made. The instrument was executed by Isaac and Amos Smith. The probate court thereupon, on the 4th day of January, 1888, and without notice, entered a decree of distribution under the provisions of the will, and in accordance with the partition of the real property made by Amos and Isaac Smith, and the administration of the estate was closed. The real estate in controversy was unimproved, uncultivated, "wild" land. It was found by the court that respondent had no knowledge of the alleged partition by Amos and Isaac Smith, or the order entered in the probate court, until 1892 or 1893. Defendant was fully advised of the conveyance from Amos Smith to respondent.

Upon examination of the evidence, the findings of fact of the superior court are approved. The decree of distribution of the probate court was void. Partition and distribution of real estate in the probate court is made on the application of the executor or administrator, or any person

interested in the estate, and only upon notice as required upon an application for the sale of land by an executor or administrator. Bal. Code, § 6357. Section 6361, Bal. Code, declares:

"Partition of the real estate may be made as provided in this chapter, although some of the original heirs or devisees may have conveyed their shares to other persons, and such shares shall be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs or devisees."

It will be observed that Amos Smith, as devisee, having conveyed his undivided one-half interest in the real property to the respondent, respondent, within the purview of the statute, was a proper party to the distribution. But, as observed, as against respondent, the order of the probate court was void. It is maintained, however, by counsel for appellants, that, under the terms of the will, Amos and Isaac Smith were appointed by the testator to make partition of the real property between themselves. It is true, a method of division between them was provided in the will, but it is apparent that the estate devised to them by their father vested immediately in undivided moieties to each of the devisees. Therefore Amos had full power to convey such moiety to respondent, and, when the interest owned by him was thus alienated, he was no longer a proper or interested person in the partition, and the attempted division of the premises by the two brothers could not affect the rights of respondent. Such division was not brought to the attention of respondent for some years afterwards, and the nature of the uncultivated and unoccupied real estate was not such as to suggest to respondent any inquiry until the attempted division was made known to him.

We do not think there is any force in the argument that the suit for partition is stale. The case is presented of owners in common of undivided realty, and the respondent, as one of such owners, is entitled, as a matter of right, to the partition of the estate.

The judgment of the superior court is affirmed.

Dunbar, C. J., and Fullerton, J., concur.