### 9993

### PEARSON v. EASTERLING *ET AL.*

#### (97 S. E. 238.)

1. PARTITION—VOLUNTARY PARTITION—VALIDITY.—In a suit by a devisee for his share under the will wherein other devisees also had interests, an attempted partial family partition, wherein the interests of only a few of the heirs were considered, *held*, under the evidence, inequitable, and therefore not to be considered in setting out plaintiff's interest.

2. CONTRACTS—PERFORMANCE—NECESSITY.—Where an agreement imposes a duty upon the parties, they must show performance before they can claim rights thereunder.

3. PARTITION — RECIPROCAL DEEDS — EFFECT — PARTICULAR EQUITIES.— Where simi'ar quitclaim deeds are reciprocally given by parties to a partition, the parties thereto stand upon an equal footing, and neither can claim particular equities thereunder.

Before MEMMINGER, J., Marlboro, Fall term, 1917. Affirmed.

Action by Harris P. Pearson against H. T. Easterling, A. G. Easterling and others. Judgment for plaintiff, and defendants named appeal.

The following is a statement of the case:

This action was commenced July 13, 1913, and has been in the Supreme Court twice heretofore and is reported in 104 S. C. 178, 88 S. E. 376; 107 S. C. 265, 92 S. E. 619.

William C. Easterling died on the —— day of November, 1866, leaving his will dated January 26, 1863, and leaving a tract of land containing 300 acres, more or less, which he bequeathed to his wife, Martha Ann Easterling, for life, and at her death to his daughter, Mary Ann Easterling, "during the term of her natural life and at her death that they (it) do descend to the heirs of her body, to each an equal share, the children of any deceased child representing the parent."

Martha Ann Easterling, the wife of William C. Easterling, died many years ago, and the land under the will descended to her daughter, Mary Ann Easterling, as above set out. She died on or about the 7th of May, 1912, leaving surviving her five children, to wit, Mattie A. Pearson, W. C. Easterling, F. M. Easterling and appellants herein, H. T. Easterling and A. G. Easterling; and she had had six children who had predeceased her, to wit, Margaret P. Easterling, Gilmore S. Easterling, Harris R. Easterling, Mary Elizabeth Easterling, who married Pearson, and was also called herein Bettie E. Pearson, Keitt E. Easterling, and

Robert J. Easterling, the husband of Mary Ella Easterling, respondent herein. None of these children of Mary Ann Easterling left child or children except Bettie E. Pearson, who left surviving her the plaintiff, Harris P. Pearson.

Some time in the year 1887, when three of the children, to wit, Mattie A. Pearson, Bettie E. Pearson (mother of plaintiff) and W. C. Easterling, had become of age, Mrs. Mary Ann Easterling and her husband undertook to make a partial family partition of these lands, and they had 90 acres cut off from the whole tract and subdivided into three tracts of 30 acres for these three adult children, and they were selected by these three adult children by lot, Bettie E. Pearson getting tract No. 2, W. C. Easterling getting tract No. 1 and Mattie A. Pearson getting tract No. 3, and they went into possession of their respective tracts or lots in the manner shown by the testimony. W. C. Easterling sold his lot to Robert J. Easterling, and Mattie A. Pearson and Bettie E. Pearson sold their respective lots to Robert J. and K. E. Easterling, and later K. E. Easterling conveyed his one-half interest in these two lots to Robert J. Easterling, as appears from the deeds set out in the original appeal.

Bettie E. Pearson died, leaving surviving her the plaintiff, Harris P. Pearson, December 16, 1900, and under the will of William C. Easterling he was substituted in her stead.

Thereafter, on the 22d February, 1905, K. E. Easterling died without having children, and left an insurance policy of $3,000 payable to his mother, Mary Ann Easterling, and his father, Dr. H. R. Easterling, and thereafter, on the 5th of June, 1905, an agreement was made by Mrs. Mary Ann Easterling and her husband, Dr. H. R. Easterling, with their six living children, whereby they divided this $3,000 amongst them, and the said six children accepted same.

Preceding this agreement, Robert J. Easterling having acquired the deeds from Mattie A. Pearson, Bettie E. Pearson, and W. C. Easterling to the three tracts of 30 acres each, and Henry T. Easterling and A. G. Easterling having

acquired deeds from all the other children of Mrs. Mary
Ann Easterling to the balance of the 300-acre tract, a final
division of the whole tract of 300 acres was undertaken to
be made by Robert J. Easterling on the one side, and H. T.
and A. G. Easterling on the other, which resulted in the
execution of a deed from Robert J. Easterling to H. T. and
A. G. Easterling.    And at the same time approximately H.
T. and A. G. Easterlind executed deed to Robert J. Easter-
ling.    Under these deeds Robert J. Easterling went into
exclusive possession of the land covered by deed to him and
retained possession and use up to the time of his death,
which occurred October 23, 1911, at which time his widow
took possession and has retained possession up to the pres-
ent time under the will of Robert J. Easterling.    And at the
same time H. T. and A. G. Easterling went into the exclu-
sive possession of the land covered by deed to them, and
they have retained possession and use of same up to the
present time.

Harris P. Pearson, by his guardian *ad litem,* brought his
action to partition the whole tract of 300 acres, alleging that
he owned one-sixth interest in same, and that Mary Ella
Easterling and H. T. and A. G. Easterling should account
for rents.

The case was referred to take testimony, and on hearing
the case Judge John S. Wilson filed a decree holding that
the plaintiff had no interest in the lands, from which an
appeal was taken to the Supreme Court, and the decree of
Judge Wilson was reversed and the case remanded to the
Circuit Court.    104 S. C. 178, 88 S. E. 376.

The Circuit Court thereafter found that the plaintiff was
entitled to one-sixth interest in the whole tract of 300 acres,
from which decree another appeal was taken to the Supreme
Court, and the Supreme Court held that the interest of the
plaintiff was only about one-eleventh, and, in view of the
fact that there were differences between the appellants and
Mrs. Mary Ella Easterling, directed that the case be

remanded to the Circuit Court to pass upon all questions in the case.    107 S. C. 265, 92 S. E. 619.    By agreement the value of the rents and profits for the interest of the plaintiff was fixed at $800, and the case came on for hearing before Judge R. W. Memminger at the November term of the Court for Marlboro county, on the record of the case for appeal to the Supreme Court.

A motion was made to fix the amount of the interest of the plaintiff, and for a writ in partition, and, it being admitted that the interest of the plaintiff was 107-1000 that amount was fixed.

Counsel for H. T. and A. G. Easterling moved that Court to first set aside the 30 acres which had been conveyed by Bettie E. Pearson to Robert J. Easterling to the plaintiff, and that, if·that were not sufficient to give him his equitable interest as fixed and agreed upon, H. T. and A. G. Easterling be required to contribute their *pro rata* share of any deficiency with Mrs. Mary Ella Easterling to make up such deficiency, and that Mrs. Mary Ella Easterling be required to pay the amount of rents and profits agreed upon.    H. T. and A. G. Easterling also agreed and asked to be permitted to pay unto Mrs. Mary Ella Easterling their *pro rata* of the $500 provided under the insurance agreement to protect Robert J. Easterling in the title which he had taken from Bettie E. Pearson, and that the partition commissioners be. so directed.

His Honor, Judge Memminger, filed the following decree:

This case came before me for final judgment adjusting the rights of all the parties, under the decision of the Supreme Court, herein, reported in 107 S. C. 265, 92 S. E. 619.

That Court has finally adjudicated the legal status of plaintiff as inheriting one-eleventh of the estate in question, under the will of Wm. C. Easterling; and this eleventh has been increased by inheritances, under the statute of distributions, which, altogether, figured in fractions, about which

there is no dispute, comes in all to 107-1000, or stated decimally is .107, and there is still a possible remainder for him after the life estate of Mary Ella Easterling, widow of R. J. Easterling, which is not yet subject to partition, and which is not included herein.

The contest now rages over the question whether said .107 shall be taken from the tract, called the 90-acre tract, taking therefrom the 30 acres thereof which fell to plaintiff's mother in a so-called family partition; those holding the tract called the 210-acre tract insisting that that 30-acre tract should be assigned to plaintiff on equitable principles; the holder of the 90-acre tract, and the plaintiff, contending that the plaintiff's share should be partitioned, in kind, from the whole property.

The facts of the case have been so fully stated in previous decisions that this Court does not consider it necessary to restate them herein, knowing that the parties and the attorneys are so familiar with them as to understand this decision without detailed restatement and reference herein to the matters in point in a general way; and to others a detailed statement would be of no interest nor consequence.

I am satisfied, from a study of the record, complicated as it may seem, and in the light of the arguments of the able counsel. that, after all, the points for decision are simple, and need no elaboration, also, for the reasons above stated. My decision is that Harris P. Pearson is entitled to his .107 from all of the real estate in question, anywhere the commissioners in partition may decide upon. I find that the so-called family partition, wherein only three of the ten heirs participated, was inequitable, and should not be regarded in any way as a guide for selling off plaintiff's said interest. The testimony shows there were ten heirs, seven of whom were minors, and, so, did not participate; and there was dissatisfaction even among the three heirs of age who did participate. A brother objected to the 30 acres he got, when the numbers were first taken out

of the hat and the numbers were put in and drawn again. In this drawing, Bettie, plaintiff's mother, got the best lot, the one on the road, and yet she exchanged it immediately, for only $10 boot, with a brother who got the poorest lot, the one they now say should go to her son, on equitable principles. Furthermore, the Supreme Court distinctly holds that plaintiff derives his share herein under the will, and not from his mother. His mother made a binding conveyance of said 30 acres, and he would have gotten nothing from her. It is not to her that he has to took for his present inheritance.

I think there is no force in equity in the arguments based upon the insurance agreement, relied upon as going to show that plaintiff's share should be taken from the 90-acre tract. It was never carried out, and it would be impossible to resuscitate it.

A full answer to any claim by H. T. and A. G. Easterling, that could be based on this insurance agreement, is that they must show performance before they can claim rights under it, and this has not been done.

As to the deeds passed between R. J. and H. T. and A. G. Easterling: R. J. Easterling conveyed to H. T. and A. G. Easterling all his right, title and interest in 210 acres, and the latter conveyed to him all their interest in 90 acres, and the warranties and terms are precisely similar. As stated in the argument of Mr. Stevenson in the former appeal: "These deeds were, as a matter of fact, merely quitclaims (*Blackwell v. Harrelson*, 99 S. C. 268 [84 S. E. 233, Ann. Cas. 1916e, 1263]), and were made in a partition of the estate among them. Whatever is invoked against one will reciprocally bind the other, and no particular equities can be claimed for H. T. and A. G. Easterling that will not redound equally to Mary Ella Easterling."

As between all of the parties, therefore, the equity of the situation is that if upon the final participation, hereinafter decreed, the .107 share of plaintiff should be taken from the

210-acre tract, then the 90-acre tract will bear three-tenths of the value in land.   If taken from the 90-acre tract, the 210-acre tract shall bear seven-tenths value in land, to go to Mary Ella Easterling for life, under the terms of the will of R. J. Easterling.   If part from one, and part from the other, in like proportion.

As to the $800, agreed upon between counsel, as reported by the referee, as rents and profits due plaintiff: If the same be not paid plaintiff or his attorney within 30 days from the filing hereof, then judgment may be entered for the same, in the proportion of three-tenths against Mrs. Mary Ella Easterling, the occupant of the 90-acre tract, and seven-tenths against the owners of the 210-acre tract.

It is, therefore, ordered, adjudged and decreed that a writ in partition do issue out of this Court by its clerk in the usual form, and in compliance with law; but, in view of the statements of counsel at the argument all agreeing that a partition in kind is practicable, let the writ not contain the usual clause for a report recommending sale.

And it is so ordered.

*Messrs. D. D. McColl* and *W. P. Pollock,* for H. T. Easterling and A. G. Easterling, appellants.

*Mr. W. N. Stevenson,* for Mary Ella Easterling, respondent (no citations).

*Mr. J. K. Owens,* for Harris P. Pearson, respondent, cites: 104 S. C. 178; 107 S. C. 265.

June 25, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein assigned, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and GAGE concur.

MR. JUSTICE HYDRICK (dissenting in part).   I think the judgment of the Circuit Court should be modified to this

extent: The family partition, made under the direction of the father and mother of the remaindermen, should be sustained, if and so far as it may be found practicable to do so, without material injury to the rights of the parties, on the general rule in equity to sustain family settlements where it can reasonably be done.   The Courts may well presume that such settlements are fairly and equitably made, and they ought not to be torn up after the lapse of so many years, as in this case, especially since the several parties have improved their respective shares, unless it had been made to appear (which was not done) that it was so unjust and inequitable that it ought not to have the sanction of the Court.   It may and probably can be sustained in the main, if not altogether. Therefore, I think the commissioners should have been directed to set off to plaintiff the tract which his mother accepted in the family partition as her share, if that can be done without material injury to the plaintiff's and by adding to it so much land from the adjacent tracts as they may find to be necessary to equalize the parties, or by assessing sums of money upon the other shares, if, in their judgment and discretion, equality could be better effected in that way.   In other respects, I think the judgment should be affirmed.

MR. JUSTICE FRASER concurs with MR. JUSTICE HYDRICK.

NOTE.—Order dismissing petition will be found in Addender at end of this volume.