**ELLIS et al. v. PATRICK et al.**
**No. 1744.**

Court of Civil Appeals of Texas. Waco.
April 9, 1936.

Rehearing Denied May 14, 1936.

J. S. Simkins, of Corsicana, for appellants.

J. S. Callicutt, of Corsicana, for appellees.

ALEXANDER, Justice.

C. M. Ellis died intestate in 1924, leaving surviving him his second ·wife, Mrs. Ora Ellis, and five minor children by her, and four adult children by a former marriage. At the time of his death he and his family occupied as a homestead 160 acres of land in Navarro county belonging to the community estate of himself and his second wife. His widow later married J. J. Patrick and she and her husband brought this suit in December, 1932, against three of the adult children by said first marriage to recover possession of a part of said tract of land. The defendants by way of answer alleged that Mrs. Patrick had agreed to accept a child's part, or one-tenth of said land, in lieu of her one-half interest therein, leaving to the nine children of the deceased, C. M. Ellis, a one-tenth interest each in said land; that in 1927 there had been a parol parti-

tion of said land, and as a result there had been set aside to each of the defendants a tract of 16 acres of said land; and that each of them had entered into the possession of the tract so set aside to him or her and had made valuable improvements thereon and were entitled to retain possession thereof. They further alleged that in the event said oral partition should·be held to be illegal, nevertheless they were entitled to have the land partitioned, and they prayed for judgment accordingly. Two of the children by the second marriage who had become of age intervened in the ·suit, adopted the pleadings of the defendants, and claimed that there had been set aside to each of them a tract of 16 acres of said land, and they prayed for possession of the same. The other three children by the second marriage were still minors. Mrs. Patrick, as their duly appointed guardian, intervened for them, adopted the pleadings filed by plaintiff, and they took the position of plaintiffs in the cause. It was alleged that Mrs. Patrick had acquired by purchase the interest of the other adult child of C. M. Ellis, deceased. At the conclusion of the evidence the court instructed the jury to return a verdict for plaintiffs for the possession of the property in question and judgment was entered accordingly. The defendants appealed.

The evidence shows without dispute that the 160 acres of land in question was the community property and homestead of C. M. Ellis and his second wife, Ora Ellis, now Mrs. Patrick, and that after the death of C. M. Ellis his said widow and minor children continued to occupy at least a portion of said land with the main improvements thereon as their homestead, and that they so occupied same at the time of the trial of this case. There was evidence to the effect that Mrs. Ellis, prior to her marriage to J. J. Patrick and while she was a widow, agreed with the nine children of her deceased husband, C. M. Ellis, that she would accept as her share of said land a child's part, or an undivided one-tenth interest therein, and that each of said nine children should receive an undivided one-tenth interest therein; and that about the year 1927 she measured off and set apart to each of the said original defendants a tract of 16 acres as his or her share in ·said land, and that said defendants entered into possession thereof and have used and occupied same continuously since that time. There ·was also evidence tending to show that later, probably after her marriage to Patrick, she set aside to two of her own adult children similar portions of said original tract. There is nothing in the pleading nor in the evidence giving the field notes nor otherwise describing the ·tracts claimed to have been so set aside to said children, and there is nothing to show that the improvements, if any, placed on any of said tracts by said children exceeded the value of the use of the land.

■ The land in question was owned jointly by Mrs. Patrick and the nine children by her deceased husband, C. M. Ellis. Three of said children were minors and they could not and did not join in the alleged parol partition agreement. Such partition agreement, therefore, was not binding on them. Since it was not binding on some of the joint owners, it was not binding on any of them. 47 C.J. 280, § 35; Turner v. Pope (Tex.Civ.App.) 137 S.W. 420, par. 2; McGowan v. Smith, 22 Wash. 625, 61 P. 713; Pearson v. Easterling, 111 S.C. 124, 97 S.E. 238; Roberts v. Dale, 171 N.C. 466, 88 S.E. 778. The defendants, therefore, were not entitled to retain possession of the land by virtue of the alleged parol partition.

■ As before stated, however, there was evidence tending to prove that Mrs. Ellis, prior to her·marriage to Patrick, abandoned the use of a part of said land as a homestead and placed some of the defendants in possession thereof, and that after her marriage to Patrick she and her husband abandoned other portions and placed other children in possession thereof. Since the property was the community homestead at the time of the death of C. M. Ellis, his widow had a right to continue to occupy same as a homestead to the exclusion of the defendants and the same was not subject to partition without her consent so long as she elected to so occupy it. Const. art. 16, § 52. But Mrs.· Ellis could abandon said property or any portion thereof as a homestead, and if she did abandon a portion thereof and no longer elected to occupy the same as a homestead, that portion so abandoned became subject to joint occupancy by the joint owners and to partition at the election of any of them. 22 Tex.Jur. 358; Moore v. Moore, 89 Tex. 29, 33 S.W. 217, 218; Tucker v. Dodson (Tex.Civ.App.) 245 S. W. 728; Craddock v. Edwards, 81 Tex. 609, 17 S.W. 228. It is true the evidence shows that during the progress of the trial

Mrs. Patrick, as the duly appointed guardian of the estates of her three minor children, procured an order from the probate court setting aside to her said entire tract of 160 acres of land for use as a homestead for said minors, but we do not think that the case was altered thereby. So long as Mrs. Ellis, now Mrs. Patrick, the mother and natural guardian of the persons of her minor children, was living and was not otherwise disqualified, she alone had the right to elect whether or not the property should be occupied as a homestead or abandoned as such, and the rights of her minor children to occupy the property as a homestead could only be asserted through her and not through an order of the probate court. Ashe v. Yungst, 65 Tex. 631, 638; Williams v. Jones (Tex.Civ.App.) 106 S.W. 755, par. 1; Salmons v. Thomas, 25 Tex.Civ.App. 422, 62 S.W. 102; Johnson v. Taylor, 43 Tex. 121.

█ The evidence raised an issue of fact as to whether or not a part of the land in question had been permanently abandoned as a homestead. That issue should have been submitted to the jury.

The judgment of the trial court is reversed and the cause remanded for a new trial.