## WALSTON v. PRICE et al.
### No. 2399.

Court of Civil Appeals of Texas. Waco.

Feb. 26, 1942.

Leland M. Johnson, of Dallas, and Lem Wray, of Waxahachie, for appellant.

Hamilton, Lipscomb, Wood & Swift, of Dallas, and Forrester Hancock and Lynn B. Griffith, both of Waxahachie, for appellees.

RICE, Chief Justice.

This suit was instituted by J. H. Walston in the District Court of Ellis County, Texas, against E. J. Price and others, seeking foreclosure of an alleged lien created in favor of plaintiff by virtue of the proper filing and recording of an abstract of a money judgment theretofore rendered in favor of plaintiff and against the defendant Price, on certain real estate acquired by the latter, after the filing of said abstract of judgment, and by Price conveyed to the remaining defendants. From an adverse judgment, plaintiff appeals.

As the basis of his recovery, plaintiff pleaded that on April 3, 1922, in Cause No. 10,654, styled George M. Lowry v. Italy Motor Company, the District Court of Ellis County, Texas, rendered a money judgment in the sum of $1,303.99, together with interest and costs of suit, against E. J. Price and in favor of N. V. Yarbrough, J. H. Walston and the Italy Motor Company, a partnership composed solely of N. V. Yarbrough and J. H. Walston. It may be admitted, without so deciding, that the facts alleged by plaintiff as to the rendition of the judgment, that it was in full effect and unsatisfied, and as to the issuance, filing, indexing and recording in the proper records of Ellis County of an abstract of such judgment,

if true, were sufficient to create in his favor a valid lien on the real estate in his pleadings described, as security for the sum of money allegedly owing to him by reason of the rendition of said judgment.

Defendants' pleadings attacked said judgment as a nullity: (1) Because the judgment recites that it was a default judgment against the defendant Price; and further recites that by agreement of the parties in open court, the cause was withdrawn from the jury docket and submitted to the court; (2) because the judgment, without the consent of Price, was rendered without the intervention of a jury, the cause of action not being liquidated, and there being a fact question involved; (3) because the judgment being in personam, and not in rem, the only service had upon Price in said cause was by publication, fraudulently procured in that plaintiff Walston and his co-partner knew, or by the exercise of reasonable diligence, could have known that Price, at the time of the service by publication on him, resided in Bexar County, Texas; (4) because, service being had solely by publication, the court failed to appoint, as required by law, an attorney to represent Price; (5) because no statement of facts was prepared and filed as a part of the record in said cause. Said defendants further pleaded that Cause No. 10,654 was brought by George M. Lowry against J. H. Walston, plaintiff herein, and his then partner N. V. Yarbrough, and the Italy Motor Company, a partnership composed solely of the two defendants Walston and Yarbrough, to recover damages for the value of an automobile sold to Lowry by said partnership, Walston and Yarbrough, and which, after the sale, was found to have been stolen; that said partnership, Walston and Yarbrough, filed in said suit a cross-action against Price, seeking recovery over against Price (who sold the car to them) for such amount as might be recovered against them by Lowry; that judgment was rendered in said cause in favor of Lowry and against said partnership, Walston and Yarbrough, for the value of the car in the sum of $1,303.99; and judgment was also rendered for the same amount in favor of said partnership, Walston and Yarbrough, on their cross-bill against Price; that Yarbrough paid the full amount of said judgment to Lowry, who thereupon transferred the same to Yarbrough, and the latter, in writing, in consideration of the sum of $750 paid to him by Price, released the judgment and all liens securing the same; that by reason thereof, Walston having paid nothing on the judgment to Lowry, and the judgment against Walston having been paid and satisfied by Yarbrough, Walston had no enforceable rights against Price or the other defendants and is estopped to assert against any of the defendants any rights or lien under said judgment.

Plaintiff demurred and excepted to the answers of the defendants as presenting a collateral attack on the judgment sued on, and because the defenses pleaded were barred by limitation. These demurrers and exceptions were by the court overruled.

Upon the conclusion of the evidence the trial court submitted, over plaintiff's objection, one issue, in answer to which the jury found that Price was not served by personal service of citation in Cause No. 10,654.

Plaintiff's motion for instructed verdict, judgment on the findings of the jury, and judgment non obstante veredicto, all seasonably filed, were by the court overruled. The court rendered judgment that plaintiff take nothing as against any of the defendants, and that the abstract of judgment lien asserted by plaintiff was void.

Plaintiff assigns as error of the trial court: (1) the admission in evidence of the testimony of Price that he was not served with citation in Cause No. 10,654, thereby being allowed by parol to contradict the recitation in the judgment rendered in said cause that he "had been duly cited according to law;" (2) the admission in evidence of the file docket entries as part of the record in Cause No. 10,654; (3) the admission of the testimony of the publisher of the newspaper in Waxahachie, and of identified extracts of the newspaper, showing publication of citation in said cause as to price; (4) the admission of the testimony of N. V. Yarbrough by deposition to the effect that he paid the judgment rendered in said Cause No. 10,654 to plaintiff Lowry, that Walston paid nothing on the judgment, that the same was transferred to him; (5) the admission in evidence of the transfer of the judgment rendered in Cause No. 10,654, from Lowry to Yarbrough; (6) in overruling plaintiff's motion for peremptory instruction, his exceptions to the court's charge, in refusing requested special issues, in overruling his motion for judgment "non obstante veredicto".

Because of the views hereinafter expressed, we deem it unnecessary to discuss

plaintiff's assignments of error, and each of same is hereby overruled.

Plaintiff Walston did not testify. He introduced, and to make his case relied solely on: (1) The judgment rendered in Cause No. 10,654 in behalf of himself and N. V. Yarbrough against Price; (2) the issuance and return of execution thereunder; (3) the filing, recording and indexing of the abstract of such judgment in the proper records of Ellis County; (4) the proof of title into Price, after the filing and recording of such abstract of judgment, of the real estate in question, and the conveyance of such real estate to the other defendants.

The plaintiff based his cause of action upon an alleged valid, subsisting and unsatisfied judgment rendered in said Cause No. 10,654, styled as aforesaid, and to establish this cause of action he introduced said judgment, which reads as follows:

"April 3, 1922

"Now, at this time this cause came on to be heard, and plaintiff George M. Lowry appeared in open court in person and by attorney and announced ready for trial, and the defendants, J. W. Walston and N. V. Yarbrough and defendant, Italy Motor Company, a co-partnership composed of defendants J. H. Walston and N. V. Yarbrough, appeared in open court in person and by attorney and announced ready for trial. The defendant E. J. Price, made a party by the answer and cross-bill of said defendants, J. H. Walston, N. V. Yarbrough and Italy Motor Company, came not and made no answer herein to said cross-bill, though the court finds said E. J. Price has been duly cited according to law to answer at this time said cross-bill filed against him by said above defendants.

"Thereupon, in open court by agreement of parties litigant, this case was withdrawn from the jury docket, the parties agreeing to submit this case to the court without a jury, and the court after hearing all the evidence and the argument of respective counsel and being fully advised on the facts and the law, renders judgment for plaintiff George M. Lowry against J. H. Walston and N. V. Yarbrough, and the Italy Motor Company, a corporation, composed of said J. H. Walston and N. V. Yarbrough, for the sum of $1303.99, with interest thereupon from this date until paid at six per cent per annum until paid, together with judgment for all costs of suit in this behalf expended, for all of which let execution issue.

The court further enters judgment for said defendants J. H. Walston, N. V. Yarbrough and Italy Motor Company on this cross bill against defendant E. J. Price for the same amount, to-wit: $1303.99, with interest thereon from this date at six per cent per annum, together with judgment for all costs of suit, for all of which let execution issue in their favor against said defendant E. J. Price."

■ It is therefore apparent on the face of the judgment that the suit was in the first instance instituted by Lowry, asserting some character of cause of action against and seeking recovery of Yarbrough, Walston and the Italy Motor Company, a partnership composed of the above mentioned defendants, and that E. J. Price was brought into the case by a cross-action filed therein by the above mentioned primary defendants, seeking some character of relief against Price by reason of the cause of action asserted by them in their cross-action. Since the judgment is silent as to the theory on which judgment was rendered in favor of the original plaintiff against the primary defendants; and is likewise silent as to the theory on which the primary defendants or cross-plaintiffs were awarded judgment against cross-defendant for exactly the same amount as was adjudged against them; and since the judgment is also silent as to the rights and liabilities of the original defendants as between themselves in the event that one of them was required to pay the amount of such judgment; and is likewise silent as to Price's liability to the primary defendants in case the latter were not required to make payment, under said judgment to Lowry; the true meaning, intent and legal effect of said judgment as between the parties cast in said judgment is left in doubt and uncertainty. Under such circumstances, it is permissible to resort to the pleadings of the parties, and to the entire record, to ascertain the real intent and force of the judgment. Houston Oil Co. v. Village Mills Co., Tex.Com.App., 241 S.W. 122; Lipsitz v. First Nat. Bank, Tex.Com. App., 293 S.W. 563; Richardson v. Trout, Tex.Civ.App., 135 S.W. 677; Craddock v. Edwards, 81 Tex. 609, 17 S.W. 228; 26 T.J., p. 527, sec. 668.

■ However, all of the pleadings, citations and other filed papers in said Cause No. 10,654 were proved to have been lost. The loss of the original papers in said cause having been established, parol evi-

dence became admissible to establish the contents of the lost pleadings. 23 T.J., p. 354, sec. 515; Latta v. Wiley, 92 S.W. 433, error refused; Reast v. Donald, 84 Tex. 648, 19 S.W. 795; Hendricks v. Huffmeyer, 15 Tex.Civ.App. 93, 38 S.W. 523; Foster v. Wells, 4 Tex. 101; Bailey v. Knight, 8 Tex. 58.

The court, in our opinion, properly admitted parol testimony to establish the subject matter of the lost pleadings, and to show what matters were in controversy as between the respective parties to Cause No. 10,654. This evidence was not denied or rebutted, and we think established the following facts: In the year 1922, prior to the institution of Cause No. 10,654 plaintiff Walston and N. V. Yarbrough were engaged in business at Italy, Texas, as partners under the firm name of Italy Motor Company. While engaged in such business, they bought an automobile from E. J. Price, and thereupon sold it to George M. Lowry. It thereafter developed that the automobile was stolen, and that neither Price nor Walston nor Yarbrough had title thereto. However, there is nothing in the record to show that any of the parties aforesaid were in any way parties to the theft. Lowry thereupon brought the above mentioned suit (No. 10,654, to recover of Walston, Yarbrough and Italy Motor Company the value of the automobile; and thereupon said defendants brought their cross-action against Price, the result being the judgment which is the basis of this law suit. After the rendition of this judgment and after Yarbrough had closed up his part of the business in Italy, and from his own money, Yarbrough paid to Lowry the full amount of the judgment, including interest and court costs. Thereupon, Lowry, acting by his attorney, endorsed or caused to be endorsed on the margin of the record of said judgment rendered in Cause No. 10,564, the fact of its payment in full by Yarbrough, and transferred the judgment to Yarbrough. Thereafter, Price having paid Yarbrough the sum of $750, the latter executed and acknowledged an instrument in writing dated August 8, 1934, filed August 10, 1934, and recorded the next day in the Deed Records of Ellis County, releasing Price from any indebtedness owing him, whether evidenced by judgment or otherwise, and further releasing any lien that he might have by reason of an abstract of judgment or otherwise. Walston has never paid or offered to pay Yarbrough any amount paid by the latter in discharging said judgment; and instituted this suit July 15, 1939. One of defendants herein purchased the land in question from Price by deed dated May 3, 1939; the other two defendants jointly purchased from Price the other tract of land in question by deed dated August 7, 1934, and filed for record August 10th of said year.

Walston takes the position, as we understand the record, that the judgment rendered in Cause No. 10,654 in his favor and that of Yarbrough against Price inured to his benefit to the extent of one-half; that when Yarbrough paid the judgment rendered in favor of Lowry against Walston and Yarbrough, that such payment discharged the judgment rendered in favor of Lowry and against Yarbrough, Walston and the Italy Motor Company, and the attempted transfer thereof by Lowry to Yarbrough was void and ineffective; that Yarbrough could only collect and release his half of the judgment against Price, and that, in fact, was all that he did; that defendants' defenses as to lack of personal service on Price, imperfect service by publication, failure to make and file a statement of facts, the withdrawal of Cause No. 10,654 from the jury docket in the absence of Price and without his consent, are each and all attempts to collaterally attack the judgment rendered in Cause No. 10,654, and that it was error for the trial court to admit any evidence tending to substantiate such defenses.

■ In our opinion, the judgment rendered in Cause No. 10,654, when construed in the light of the evidence adduced as to the matters in controversy between the parties to said litigation, is reasonably capable of the construction (which we think the trial court impliedly gave it) that Walston and Yarbrough recovered over against Price any sums of money that either of said defendants was required, under said judgment, to pay to Lowry. We are further of the opinion that when Yarbrough paid Lowry the full amount of the joint judgment rendered against him and Walston, such payment discharged, extinguished and rendered functus officio the judgment rendered in favor of Lowry, and that neither Walston nor Yarbrough had any further liability thereunder, notwithstanding any contrary intention that Yarbrough may have had when he paid it and attempted to transfer it to Price. For this reason, no enforceable right as against Walston under the judgment passed to Price by reason of

552

the attempted transfer. Williams v. Hedrick, Tex.Civ.App., 131 S.W.2d 187; Callihan v. White, Tex.Civ.App., 139 S.W.2d 129; Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688.

It therefore logically follows, we think, that Walston, having been relieved of all liability under the judgment rendered against him and Yarbrough without having been required to pay anything of value, is no longer entitled to exercise any right given him in said judgment against Price. The recovery awarded him against Price was for the purpose of making him whole to the extent he was required to pay and did pay under the judgment awarded against him in favor of Lowry. This liability having been extinguished without loss to him, his right to recoupment against Price must necessarily have become extinct and discharged. The theory of the law which entitled Walston to recover of Price the amount which Lowry recovered of him was to require Price to reimburse Walston for the damage which his act may have caused him to suffer; it was certainly not the purpose of the law or the judgment to allow Walston to profit by the transaction.

Because of the views above expressed, the errors assigned by appellant, if they were errors, become immaterial.

Judgment affirmed.