**HARDY v. WEBB.**    (No. 753-4348.)

(Commission of Appeals of Texas, Section A.
April 20, 1926.)

1. Brokers ⊕⊃57(2)—Broker securing purchaser held entitled to commission, where owner subsequently sells land to purchaser at reduced price.

Where an owner of land secures a broker to look up a purchaser at a given price and the owner subsequently sells the land to the purchaser at a reduced price, thereby utilizing the purchaser secured by the broker's efforts, the broker is entitled to his commission.

2. Brokers ⊕⊃86(6)—Evidence held to entitle broker to commission, under rule applicable where owner sells at reduced price.

Evidence *held* to bring case within rule entitling broker to his commission, where owner utilizes broker's efforts and subsequently sells land to purchaser at a reduced price.

3. Brokers ⊕⊃86(6)—Deed executed from owner to purchaser, secured by broker's efforts, held evidence of sale by owner to such purchaser.

In action for broker's commission, deed executed by owner directly to purchaser, secured by broker's efforts, was evidence of a sale by owner to such purchaser, and the effectiveness of such deed as evidence of such sale was not destroyed either by testimony of owner and another that land was not sold to such purchaser, but to another, or by purported contract to that effect introduced in evidence.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by D. M. Hardy against Sidney Webb and others. Judgment for plaintiff against the named defendant and for such defendant over against defendant Lee Anderson. This judgment was reversed on appeal by defendants and rendered by the Court of Civil Appeals (269 S. W. 243), and plaintiff brings error. Judgment of Court of Civil Appeals reversed in part, and that of district court affirmed in part.

Taylor & Taylor and J. L. Lackey, all of Wichita Falls, for plaintiff in error.

J. A. Wheat, of Seymour, for Jno. Turbeville.

Penix, Miller & Perkins, of Mineral Wells, for defendant in error.

BISHOP, J. In the district court judgment was rendered allowing plaintiff in error, D. M. Hardy, recovery against defendant in error Sidney Webb for the sum of $2,000 with interest thereon at the rate of 6 per cent. per annum from October 1, 1921, and allowing Webb recovery over against Lee Anderson for a like sum. This judgment was by the Court of Civil Appeals reversed and rendered, 269 S. W. 243, and Hardy alone assigns error here.

In his petition upon which the case was tried, Hardy alleged that he was engaged in the business of procuring purchasers and making sales of land for others; that on the 1st day of May, 1921, Sidney Webb placed and listed with him 10,000 acres of land for sale at the price of $15 per acre; that it was agreed and understood by and between him and Webb that if he should obtain a purchaser for the land, Webb would pay him for his services in procuring a purchaser, as his commission, the sum of $2,000; that in pursuance of this agreement, he procured a purchaser in the person of J. H. Turbeville, who, after negotiations, purchased the land from Webb at an agreed price of $13.50 per acre; and that Webb refused to pay him his commission, for which he sought judgment. He also alleged in his petition that Webb, Turbeville, and Lee Anderson contrived and planned to consummate the sale of the land between themselves with a view of defeating his claim for his commission, and entered into a fraudulent contract whereby Anderson was to be the pretended purchaser of said land, but that when the trade for the sale of said land was finally closed and consummated, the deed was made by Webb directly to Turbeville, who was the purchaser procured by him.

Webb answered by general denial, but by way of special answer admitted that he did list the land with Hardy for sale at $15 per acre; that Hardy did show the land to Turbeville; and that he did make and execute a deed to Turbeville. These admitted facts were shown by the uncontradicted evidence. However, Webb also alleged that Turbeville declined to purchase the land from him pursuant to his agreement with Hardy, and that all efforts to sell same to Turbeville ceased and had been abandoned prior to his sale of the land; that on or about August 30, 1921, he, by an executory contract in writing, sold the land to Lee Anderson; and that Anderson sold the land to Turbeville, and at their request he made and executed the deed to Turbeville.

The evidence shows that under the agreement between Webb and Hardy the latter was to be paid $2,000 as his commission; that Hardy arranged a meeting between Webb and Turbeville, and the three met on the land and discussed the sale to Turbeville; and that later Turbeville purchased a tract of land from Lee Anderson. Hardy testified that the meeting of Webb, Turbeville, and himself on the land was about the last of June or the first of July; that after Turbeville had purchased the Anderson tract, he continued his efforts to sell the land to Turbeville and, about the last of July, called Webb and told him that he thought he could sell the land to Turbeville, and asked that he be given an exclusive ten days' option to

sell; that Webb refused to give him the exclusive option to sell, but told him this, "Before I sell it I will call you over the 'phone and give you a day or two on it"; that after Webb told him this, Turbeville was in his office, and they talked over the deal to sell Turbeville the land.

In regard to the efforts of Hardy to sell the land to Turbeville after the meeting on the land, the latter testified:

"I did not make attempt after that to buy the land. I didn't make any attempt. Only discussed it with Mr. Hardy. He kept trying to sell it to me. All the time I told him I couldn't buy it. I didn't decline to but it from Hardy. I don't know that I declined. I don't know what it was. He kept trying to sell it to me. I don't know whether I declined, or I don't know anything about it.' I didn't want it at $15, I wouldn't give that for it. I didn't want it. I don't know what I thought about it. I don't remember the last time I talked to Mr. Hardy about it. I don't remember anything about it. I don't remember anything about that. I don't remember the conversation. He called me up and wrote me letters and wanted me to come to his place. I was in Wichita, and he called me up all the time. I don't remember how many times he called me up. I don't have any idea about how many times he called me up and one thing and another."

[1-3] The Court of Civil Appeals in its opinion recognizes the rule that where an owner of land secures a broker to look up a purchaser "at a given price, and the owner subsequently sells the land to the purchaser at a reduced price, thereby utilizing the purchaser secured by the efforts of the broker, the broker is entitled to his commission." Goodwin v. Gunter, 185 S. W. 295, 195 S. W. 848, 109 Tex. 56; Webb v. Harding (Tex. Com. App.) 211 S. W. 927. It holds, however, that the judgment in this case "rests upon mere speculation or surmise or suspicion," and for this reason ought not to be allowed to stand. With this holding we cannot agree. We think the evidence brings this case clearly within this rule. That the purchaser was procured by the efforts of Hardy is evident. That the deed was executed by Webb directly to Turbeville was admitted by Webb's answer, proved by the uncontradicted testimony, and admitted by Webb and his attorneys on the trial. This deed is, of course, evidence of a sale by Webb to Turbeville. That Hardy did not abandon his efforts to sell the land to Turbeville finds ample support in the testimony. Webb testified that he sold the land for $13.50 per acre on August 30, which was just about one month after he told Hardy that he would call him over the 'phone and give him a day or two before he sold. It is true he and Anderson testified that he sold the land to Anderson and not to Turbeville, and introduced in evidence a purported copy of a contract to this effect. However, the introduction of this testimony and purported copy did not, in law, destroy the effect of his deed as evidence of a sale to Turbeville.

We recommend that the judgment of the Court of Civil Appeals, in so far as it reverses and renders the judgment of the trial court allowing Hardy recovery against Webb, be reversed, and that of the district court allowing such recovery be affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.