## W. M. Huggins v. R. B. Johnston.

No. 5118. Decided January 21, 1931.
(35 S. W., 2d Series, 688.)

*Davis, Jester & Tarver,* for plaintiff in error.

When appellant paid to Corsicana National Bank the full amount of said judgment against him and his co-defendant, appellee, and took a transfer of said judgment, it amounted in law to a payment of said judgment there being no liens to keep same alive, and said original judgment not providing for subrogation or contribution, appellant had only the right to bring suit against appellee to enforce his right of contribution upon an implied promise to pay, which right of contribution and cause of action to enforce same was barred by the statutes of limitation of two years and four years.

The fact that appellee sued for equitable as well as legal relief did not deprive him of the defense of limitation, and the trial court did not err in denying appellant's cross-action for subrogation and contribution, equity following the law in such cases. Ft. Worth Natl. Bank v. Daugherty, 81 Texas, 301.

*Taylor & Howell,* for defendant in error.

Plaintiff in error had a right without the necessity of bringing a suit for contribution to collect one-half of the amount of said judgment with interest and costs; that in any event, this being an equitable proceeding and all parties being before the court, and no change having occurred in the status of the original defendant, the court had full power to do equity as between the parties, the debt not having been paid, and to enter all necessary orders that might be necessary in the premises to enable said Huggins to collect out of said Johnson one-half of the amount of said judgment, interest, costs and attorney's fees.

There was no contention that defendant in error had ever paid any part of the same, and certainly in equity he owed one-half thereof, and only by pleading the statute of limitation against the right of the defendant, Huggins, to contribution does he seek to escape the payment thereof.

It is respectfully submitted that he did not come into the court of equity with clean hands, and showed an unwillingness to do equity, and should not be given the benefit of the equitable relief provided by injunction. Article 4645, Revised Civil Statutes of 1925; Simkins on Equity, 2nd Ed., ch. 13, pp. 109-110, and authorities; Goldfrank v. Young, 64 Texas, 438, and authorities; Faires v. Cockrell, 88 Texas, 436, 31 S. W., 194, 28 L. R. A., 528; Sublet v. McKinney, 19 Texas, 439, Holloman v. Rogers, 6 Texas, 91; Fort Worth Natl. Bank v. Dorty, 81 Texas, 302, 16 S. W., 1028; Deleshaw v. Edelen, 72 S. W., 413; 2nd Freeman on Judgments, sec. 472; Merchants Natl. Bank v. Great Falls Opera House, 57 Pac., 445, 45 L. R. A., 285, 75 Am. St. Rep., 499; Huggins v. White, 27 S. W., 1066; Beville v. Boyd, 41 S. W., 670, 42 S. W., 318, Moore et al. v. Jenkins, 211 S. W., 975; Articles 6248, 6249, and 6252, Revised Statutes of Texas, 1925; 37 Cyc., p. 419; Mitchell v. DeWitt, 25 Texas, 180; Kyle v. Richardson, 71 S. W., 399; Slaughter v. Moore, 42 S. W., 372; Bardstrom v. Kiel, 67 S. W., 781; S. A. & A. P. Ry.

Co. v. Gurley, 44 S. W., 865; Cardwell v. Shifflet, 288 S. W., 527; R. C. L., vol. 6, pp. 1042, 1044, 1045; Frank v. Fraylor, 16 L. R. A., 115-119; Manford v. Firth, 68 Ind., 83; Seamore v. Hill, 67 Texas, 385; North v. Swing, 24 Texas, 194; Goodman v. Heldley & Gabbert, 80 Texas, 499; Spiller et al. v. Hollinger, 148 S. W., 338.

MR. COMMISSIONER CRITZ delivered the opinion of the court.

This suit was originally instituted in the district court of Navarro county, Texas, by R. B. Johnston, plaintiff in error, against W. M. Huggins, defendant in error.

The Court of Civil Appeals makes a very clear statement of the facts and issues of the case and we refer to the opinion of that court for a full statement. 3 S. W. (2d) 937. However, in order that this opinion may be complete within itself, we will briefly again state the issues in the case.

The suit was filed by R. B. Johnston against W. M. Huggins for an injunction to restrain Huggins from issuing, or causing to be issued, recording, or causing to be recorded, in Liberty or Chambers county, Texas, or elsewhere, an abstract of judgment on a certain judgment rendered in the district court of Navarro county, Texas, entitled "Schloss Bros. v. W. M. Huggins and R. B. Johnston", and from issuing, or causing to be issued, any writ of garnishment or other process for the enforcement of said judgment as against Johnston or the Humble Oil & Refining Company, which is also made a party defendant by this suit.

The trial court filed conclusions of law and fact and his findings of fact are fully supported by the record, and are set out in the opinion of the Court of Civil Appeals. We here reproduce such findings:

"That R. B. Johnston and W. M. Huggins, about 1916, signed a written guaranty for Crescent Clothing Company, guaranteeing a line of credit for said company to Schloss Bros., not to exceed $5,000, and that thereafter the Crescent Clothing Company went into bankruptcy. That the plaintiff, R. B. Johnston, and the defendant, W. M. Huggins, herein as a result of said guaranty, executed their written promissory note in the sum of $4,000, * * * and made the same payable on demand, and then indorsed said note to Schloss Bros., to whom said guaranty had been previously given. That they thereafter defaulted in the payment of said note, and Schloss Bros. sued the makers of said note, R. B. Johnston and W. M. Huggins, the Crescent Clothing Company not being a party to said note, in the district court of Navarro County, Tex., same being No. 10653, and, upon service being had, said R. B. Johnston and W. M. Huggins wholly defaulted and judgment was rendered against them jointly and severally for the amount of the note. * * * R. B. Johnston and W. M. Huggins, as defendants in said suit, filed no pleadings whatsoever, and the court, in rendering judgment, rendered same against Johnston and Huggins jointly and severally, and the judgment in no wise

provided for subrogation of either of said parties if they paid off said judgment. Execution was issued on said judgment and placed in the hands of the sheriff, but was never served and no return made thereon. While the execution was in the hands of the sheriff, J. A. Thompson purchased said judgment from Schloss Bros., * * * taking an assignment of said judgment from Schloss Bros. A few days thereafter J. A. Thompson * * * transferred said judgment to the Corsicana National Bank and gave said bank an assignment to the same. * * * A few days after the bank acquired said judgment, W. M. Huggins, the defendant herein, paid to said bank the full amount of said judgment, paying something over $4,700, and took from said bank an assignment and transfer of said judgment. The judgment records in the district court of Navarro County was not marked as satisfied at the time W. M. Huggins paid the bank the full amount of said judgment, * * * and had the same transferred to him. * * * R. B. Johnston had no property whatever and no lien of any kind existed securing said judgment, and none had attached by virtue of execution issued and abstract of judgment filed in Navarro County, Tex. Said judgment was transferred to W. M. Huggins by said bank in the year 1920. W. M. Huggins brought no suit whatever against his codefendant in the original suit, R. B. Johnston, for subrogation or for contribution after he took an assignment of said judgment, and no abstract of judgment was filed in Chambers and Liberty county, where the land affected is located, until the year 1926, more than two years and more than four years after the defendant, Huggins, had taken a transfer of the judgment from the bank. In the summer of 1926, after the plaintiff in the case, R. B. Johnston, had acquired the property in question by inheritance from his mother, who had recently died, the defendant, W. M. Huggins, caused to be filed in Chambers and Liberty counties abstracts of judgment, which affected the title to the lands described in plaintiff's petition. The Humble Oil & Refining Company having purchased a mineral lease on said land in 1926 from plaintiff, R. B. Johnston, holds in its hands as the property of the plaintiff the sum of approximately $5,600, more than ample to pay off any sum of money that might be due to the defendant, Huggins, and they are, under an agreement introduced in evidence, mere stakeholders in said cause and have tendered the amount of money into court to be paid as directed by the court."

The case was tried before the court without a jury, and judgment rendered making a temporary injunction theretofore granted permanent, adjudging that Johnston was entitled to the money tendered into court by the oil company, decreeing that Huggins had acquired no lien upon the property of Johnston, ordering abstracts of judgment filed against the land in which Johnston was interested cancelled, and quieting Johnston's title to said land, etc. Huggins appealed from this judgment to the Court of Civil Appeals, which court affirmed the judgment of the trial court.

The case is before the Supreme Court on writ of error granted on application of Huggins.

From the statement we have made it is evident that the main question to be decided is whether Huggins's remedy against Johnston is on the original judgment itself, or on the obligation which the law implies on the part of Johnston to reimburse Huggins for one-half the amount Huggins was compelled to pay on the judgment.

It is not necessary for us to decide the question as to whether the execution of the note by Huggins and Johnston to Schloss Brothers eliminated, in all events, the issue of principal and surety as between the clothing company and its sureties. That question is not here involved as we understand the authorities of this state. When the clothing company was adjudged a bankrupt and Huggins and Johnston were sued by the bank on the note given to Schloss Brothers in settlement of their obligation on the original contract of guaranty, and the clothing company not made a party to the original suit, they were, as to the issues of this case both principals of co-obligors. Ft. Worth National Bank v. Daugherty, 81 Texas, 301, 16 S. W., 1028.

In the case just cited it is shown that E. T. Morris, T. H. Wilson and T. B. Jones all signed as sureties the note of one E. L. Morris. E. L. Morris died, and was not sued. It appears that the bank recovered a judgment against the three parties first named. It is also shown that E. T. Morris was insolvent. An execution was issued on this judgment and levied upon the property of T. B. Jones, and he to prevent the sale of his property paid off the judgment and the owner, the bank, receipted and made a transfer thereof to T. B. Jones. T. B. Jones then attempted by pluries execution to enforce the judgment against T. H. Wilson. Under this condition of the record our Supreme Court expressly held that in a case where the principal is not sued, but only the sureties, the issue of principal and surety is not involved, and that in a case where only the sureties are sued, and no adjudication of suretyship is had in the judgment, that such issue could not be subsequently made so as to affect the right to issue execution on the judgment. It is then held that the judgment having been paid by T. B. Jones was discharged, and there was no authority for the subsequent issue of an execution upon it as upon an unsatisfied judgment at the request of T. B. Jones or for his benefit.

In the case at bar we have in every respect the same legal issues that were involved in Bank v. Daugherty, even if it be admitted on behalf of Huggins that the giving of the note by Johnston and himself to Schloss Brothers did not of itself eliminate the issue of suretyship. In Bank v. Daugherty, the principal was dead, and was not sued; in the instant case the principal was legally dead by virtue of bankruptcy and not sued; in Bank v. Daugherty the judgment was taken against all three sureties and no issue of suretyship was adjudicated in the judgment. In the instant

case the judgment was taken against the makers of the note who were the two sureties on the original bond; in Bank v. Daugherty one party was compelled to pay the judgment to prevent the sale of his property and took a transfer thereof, the same is true in the instant case; in Bank v. Daugherty, the party paying, and who at the time took a transfer to himself, attempted to enforce the judgment by execution against his co-surety or co-defendant, the same is true in this case; in Bank v. Daugherty our Supreme Court held that the facts showed as a matter of law the satisfaction and extinguishment of the judgment as such. The same conclusion, therefore, must be reached in this case. It. follows, of course, that if the judgment was extinguished in the instant case, and could not be enforced by execution, any effort to fix a judgment lien on the land of Johnston by recording an abstract of such judgment would fail of its purpose and be wrongful.

It is contended by Huggins that even if it be admitted. that the judgment as such had been extinguished, that Johnston having invoked the jurisdiction or aid of a court of equity in the instant suit, and it being conclusively shown that he had not paid anything on the judgment, he must now do equity, and cannot plead the statute of limitation on the obligation which the law implies on his part to reimburse Huggins. In this connection it is contended that the court has all of the parties before it and can adjudicate the rights of such parties. These contentions cannot be sustained. It is true that equity requires those who invoke the aid of a court of equity to do equity, but it is also the rule that equity will follow the law, and since the law guarantees to Johnston the right to plead the statute of limitation where such statute bars the right of recovery, Johnston is violating no rule of equity in pleading the statute of limitation as a bar to the. right of recovery on the issue of implied promise of reimbursement.

For the reasons stated the judgment of the Court of Civil Appeals ought to be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.