## BOGGS v. FARMERS' FUND OF TEXAS.
### No. 10745.

Court of Civil Appeals of Texas. Dallas.
March 21, 1931.

J. Lee Zumwalt, of Dallas, for appellant.

Fred J. Dudley and Wm. Madden Hill, both of Dallas, for appellee.

LOONEY, J.

On November 3, 1926, J. W. Boggs and wife conveyed to Mrs. Donnie E. Merrill, wife of E. F. Merrill, several tracts of land situated in Hunt county, Tex., aggregating approximately 194 acres, in consideration of $2,000,

evidenced by five negotiable promissory notes executed by E. F. Merrill and Donnie E. Merrill, payable to J. W. Boggs or order, and subject to an existing lien in favor of the Joint Stock Land Bank of Dallas, securing an indebtedness of $14,500. The notes retained an express lien on the lands, contained the usual provision for attorney fee and for accelerating maturities, and were additionally secured by a trust deed on the lands.

On November 22, 1926, J. W. Boggs sold and by writing, as well as by indorsements, transferred the notes before maturity to appellee, Farmers' Fund of Texas. The record discloses that, prior to December 24, 1927, E. F. Merrill was adjudged a bankrupt by the United States District Court for the Northern District of Texas at Dallas, and J. J. Holliday was appointed trustee of said estate; that, after the adjudication, E. F. Merrill and wife conveyed the lands to H. W. Ferguson, subject to the lien and indebtedness in favor of the Joint Stock Land Bank, of $14,500, as well as the five notes involved in this suit. H. W. Ferguson was at the time president of both corporations, and, while his trust relationship was not disclosed by the conveyances, the record discloses that he holds title to the lands for the general benefit of the two corporations, in so far as their respective interests are involved. The record further discloses that, on February 3, 1928, J. J. Holliday, trustee in bankruptcy, disclaimed any and all rights as trustee to said lands, and relinquished all claims of the bankrupt estate thereto.

This suit was filed on September 1, 1928, by the Farmers' Fund of Texas against J. W. Boggs as indorser, to recover on the notes, and H. W. Ferguson, holder of the legal title, was made a party for the purpose of foreclosure. The case was tried to a jury, and, at the conclusion of the evidence, the court directed a verdict for plaintiff and rendered judgment for debt and foreclosure accordingly, from which Boggs appealed.

The issues made by pleadings and raised by evidence will be indicated by the discussion that follows.

■■ Appellant contends that the court erred in directing the verdict and in rendering judgment for plaintiff, because E. F. Merrill and wife, makers of the notes, were not sued, and that no reason (see articles 1986 and 1987, R. S. 1925) was given why they were not made parties. We do not think the court committed error in this respect. Mrs. Merrill, not being personally liable, was not a maker of the notes in a real sense; therefore it would have been folly to sue her. See Red River Nat'l Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Benjamin v. Youngblood (Tex. Civ. App.) 207 S. W. 687; Givens v. Davis (Tex. Civ. App.) 227 S. W. 367; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708; Hadad

v. Ellison (Tex. Civ App.) 283 S. W. 193. E. F. Merrill, the real maker, having been adjudged a bankrupt, the presumption will be indulged that he was in a state of actual insolvency; hence plaintiff was not required, under the statute, to make him a party.

Another contention of appellant is that appellee, the holder and owner of the notes, having become the beneficial owner of the lands, through the deed from Merrill and wife to Ferguson, a merger of estates resulted, and that the lien of the notes was extinguished, and the liability of appellee as indorser discharged.

■ As to whether a lien is extinguished by a merger of estates, or is kept alive, will generally depend upon the intention of the owner, as he has the election to keep the lien alive whenever it is to his interest to do so. That it was the intention of appellee to keep the lien and the lien indebtedness alive is clearly shown by the fact that the conveyance procured from Merrill and wife to Ferguson was made subject to the lien of the five notes sued upon. Appellant cannot complain so long as he is protected in the right to have the lands subjected to the payment of the notes. This would have been his right if the lands had been conveyed by the Merrills to any third person, or appellant, by paying the notes, could have been reimbursed from the lands in the hands of any owner. Ferguson, as holder of the legal title, and other parties at interest, were before the court, and its decree was so framed as to require the primary fund—that is, the lands —to be first exhausted before suing out execution against appellant; this was all he could ask. Silliman v. Gammage, 55 Tex. 370; Fidelity, etc., v. Albrecht (Tex. Civ. App.) 171 S. W. 819; Harris v. Masterson, 91 Tex. 171, 41 S. W. 482; 41 C. J. 688, § 709.

■ Appellant makes the further contention that he was discharged as indorser because not given notice of the dishonor of the instruments, as required by article 5938, R. S. 1925. His evidence clearly raised this issue, and it should have been submitted, but the matter does not rest alone on that issue, as the pleadings and evidence also raised the issue of waiver by appellant of the notice of dishonor. On the latter issue, the contention of appellee was that, after Merrill's bankruptcy and after the notes were dishonored and their maturities accelerated, the parties entered into an agreement, to the effect that appellee would procure a conveyance of the lands from Merrill to H. W. Ferguson, to be held in his name and afterwards conveyed to appellant on payment by him of the notes, which he agreed to pay; whilst the contention of appellant was that he stood discharged as indorser because not given notice of the dishonor of the instruments, and in this situation agreed to pay the notes, if given rea-

sonable time so to do, on condition that the lands would be conveyed to him, but that appellee failed and refused to comply with its obligation to have the lands conveyed to him.

As the evidence was conflicting on the issue of waiver, the respective contentions of the parties should have been submitted to the jury—for, if the facts are found as contended by appellee, waiver of notice resulted as a matter of law [see Farmers etc. v. Head (Tex. Com. App.) 7 S.W.(2d) 61]; but, if found as contended by appellant, waiver would not have resulted. We are of opinion, therefore, that the case should have been submitted on these issues, (1) whether appellee gave appellant notice of the dishonor of the instrument, as required by statute, and (2) the respective theories of the parties on the issue of waiver by appellant of the notice of dishonor. The case will therefore be reversed and remanded for further proceedings.

Reversed and remanded.