### GREENSPAN v. GREEN et al.
#### No. 14602.

Court of Civil Appeals of Texas. Dallas.

Jan. 23, 1953.

Rehearing Denied March 20, 1953.

918

Frank Cusack, Dallas, for appellant.

Palmer & Rochelle, Dallas, for appellees.

CRAMER, Justice.

Appellees concede as correct appellant's statement of the nature and result of the suit as follows:

The action was brought by John Plath Green, trustee in bankruptcy, estate of Clarence Marion Hawkins, against Perry Greenspan, Jr., to recover contribution on account of his having paid, as trustee in bankruptcy, a joint judgment against the bankrupt and Perry Greenspan, Jr., rendered in cause No. 47808-A by the 14th District Court of Dallas County, Texas, in favor of H. F. Feagin and G. E. Satterwhite in the sum of $4,660.42; Green, trustee, alleging that he, as trustee of the judgment debtor Hawkins, had paid more than one-half of such judgment, such excess being in the alleged amount of $1,995.50, for which he sought judgment. Perry Greenspan, Jr., answered by special exceptions, general denial and special defenses, alleging waiver on the part of the judgment creditors for Feagin and Satterwhite, neglect on the part of John Plath Green, trustee, in failing to attack the original judgment with appropriate allegations to the effect that the said trustee had knowledge of the facts rendering such judgment voidable at his instance under the bankruptcy laws of the United States of America, and other allegations of waiver and estoppel. Both parties moved for summary judgment. The trial court sustained plaintiff's motion for summary judgment, overruled the defendant's motion, and rendered judgment summarily against the defendant, Perry Greenspan, Jr., in the sum of $1,995.50.

Greenspan duly perfected this appeal and briefs three points of error.

Points 1 and 2 assert error, in substance, that the joint judgment involved, being without a provision for contribution between the co-debtors, was extinguished on payment by the trustee for Hawkins, the joint judgment debtor, and that the right of contribution under the facts here was lost by the failure of Hawkins to assert such right in the original cause and have the judgment itself establish such right; and therefore the summary judgment against Greenspan, rather than a summary judgment in his (Greenspan's) favor, was erroneous. Green, trustee of the Hawkins estate, counters that the fact that the judgment was extinguished by its payment in full constitutes no defense to his suit for equitable contribution based upon an implied promise by Greenspan to pay his portion thereof; and further, that the fact that the judgment did not provide for such contribution between the joint judgment debtors is no defense to this separate suit for contribution.

In addition to the matters shown in the statement of the case above, it is undisputed that the judgment involved was valid and was rendered November 24, 1950. Feagin and Satterwhite filed their claim based on such judgment with the trustee in bankruptcy and received full payment thereon from the trustee. Thereafter the trustee was paid $400 as a credit thereon, said sum having been paid on the judgment to Feagin and Satterwhite by Greenspan subsequent to their filing of their claim in the bankruptcy proceeding.

We are of the opinion that the judgment, when paid off and discharged, was extinguished and no rights thereafter existed by reason thereof; that it was not thereafter an enforceable judgment and had only such effect as the doctrine of res adjudicata would afford it.

Since the judgment did not adjudicate the rights of the two joint debtors as against each other, based upon its pay-

ment by one of them, such rights were not barred by the judgment under the doctrine of res adjudicata.

We further hold that, as a result of the payment of the judgment in full by one of the joint debtors, as between such joint debtors, new rights came into being.

Appellant's authorities, Fort Worth National Bank v. Daugherty, 81 Tex. 301, 16 S.W. 1028, Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688, Hadad v. Ellison, Tex.Civ.App., 283 S.W. 193, and Walston v. Price, Tex.Civ.App., 159 S.W.2d 548, hold directly that the judgment, having been satisfied by payment, is discharged and extinguished and rendered functus officio, and that no party has any right under that judgment after such payment; since such payment affected the joint debtors only in so far as their liability could be enforced by process issued on such judgment. Appellant's cases are all cited in 26 Tex.Jur. 495, and 6 Ten Year Supp. 664, Judgments, sec. 638.

█ A judgment does not ordinarily affect the rights of coparties unless the issues between them are raised by the pleading. 26 Tex.Jur. 232, Judgments, sec. 460. Applying this rule, the judgment before us was not a bar to the new right of contribution which came into being upon the judgment's payment in full by one of the joint debtors. There being no pleadings as between the two defendants— that is, as between the joint debtors (Greenspan and Hawkins)—which put in issue the rights of such joint debtors as against each other, such rights were not passed upon and were not barred by the judgment. If such rights had been passed on therein, of course a different result would have followed and such judgment would have been res adjudicata of such rights. It is only when an issue is before the court by pleadings, or, if tried without pleadings, passed upon in the judgment, that there is an estoppel, or the parties are bound by the rule of res adjudicata. Faires v. Cockrill, 88 Tex. 428, 31 S.W. 190, 28 L.R.A. 528; Tarlton v. Orr, 40 Tex.Civ.App. 410, 90 S. W. 534; Moore v. Jenkins, 109 Tex. 461, 211 S.W. 975; Merchants' Nat'l Bank v.

McAnulty, 89 Tex. 124, 33 S.W. 963; Thompson v. Fitzgerald & Ray, Tex.Civ. App., 105 S.W. 334; Key v. Oates, Tex. Civ.App., 280 S.W. 286; Huggins v. Johnston, Tex.Civ.App., 3 S.W.2d 937, 120 Tex. 21, 35 S.W.2d 688; Gaines v. Gaines, Tex. Civ.App., 119 S.W.2d 427; Mateer v. Cockrill, 18 Tex.Civ.App. 391, 45 S.W. 751; Behan v. Ghio, 75 Tex. 87, 12 S.W. 996; and Boyce v. Stringfellow, 52 Tex. Civ.App. 504, 114 S.W. 652.

We therefore conclude that at the time of the trial of this present case in the district court, the rights of each party as against each other still existed and the action for contribution was not barred by the first judgment. See annotation following North v. Ringling, 157 A.L.R. 490.

Points 1 and 2 are overruled.

█ Appellant's point 3 asserts, in substance, that his pleadings raised a genuine issue of fact of waiver and/or estoppel, constituting an absolute defense to Green's asserted cause of action that he was entitled to a trial on the merits. Green, trustee, countered this point that his sworn affidavit and certified exhibits entitled him to judgment, as against unsworn pleadings, —such unsworn pleadings without further showing being insufficient to raise a controverted issue for the trier of facts.

On the authority of Clark v. Barr, Tex. Civ.App., 239 S.W.2d 114; Fowler v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 237 S.W. 2d 373; and Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885, we must sustain the contention of appellee Green, trustee, and overrule appellant Greenspan's point 3.

Finding no error in the trial court's judgment, it is

Affirmed.

█ Rule 97, T.R.C.P., is asserted by appellant for the first time in his motion for rehearing as a bar to this suit since "Bankrupt Hawkins, by allowing the judgment to be taken against him jointly and severally with appellant Greenspan without availing himself of the right of asserting the claim of contribution under Rule 97, effectively lost such right and the judgment rendered in the original cause has

surely adjudicated it, because it was not asserted as provided in Rule 97 as it could or would have done had it been asserted, and is res adjudicata of the question." Rule 97 covers both compulsory and permissive counterclaims. Subds. a, b, and e, material here, read as follows:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. 

 \* \* \* \* \* \*

"(e) Cross-claim Against Co-party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

If subdivision (a) applies here, the former judgment bars the present suit, but if subdivisions (b) and (e) apply, it is not barred. The original judgment here was between a plaintiff there, and against the parties here, as defendants, sued jointly and severally, and judgment was so rendered for plaintiff there against the opposing parties here. The two defendants in the prior suit did not oppose each other; they did not plead over against each other; they were co-defendants in that suit.

Under the record in the prior case the claims between defendant co-parties, if any, as against each other were permissive rather than compulsory counterclaims. We

therefore overrule appellant's said contention.

We have considered all assignments in the motion and, believing we properly disposed of the appeal on original submission, the motion for rehearing is therefore

Overruled.