Don K. LANGSON et al., Appellants,

v.

SCHOLL LUMBER COMPANY, Appellee.

No. 17416.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 13, 1979.

Rehearing Denied Oct. 11, 1979.

Bailey & Black, David B. Black, Houston, for appellants.

Glassman & Teed, S. Mitchell Glassman, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

DOYLE, Justice.

This is an appeal from a suit on a sworn account and upon a written guaranty of it executed by Don K. Langson and Richard K. Langson (appellants) to cover debts incurred by Langson Brothers Construction Company, Inc. (Company) in purchasing lumber and materials from Scholl Lumber Company (appellee). We reverse and render.

The facts in this suit are somewhat complicated and are vehemently disputed. During 1974, the Langson brothers purchased lumber and other materials from appellee and executed a guaranty agreement. In November 1974, appellee filed its petition, duly verified, naming appellants and the Company as defendants. No citation was issued to the Company. Appellants answered on behalf of themselves and the Company, alleging special exceptions and offering a plea in abatement. Before the case finally reached trial, there was a dismissal, a reinstatement and an amended petition filed which revealed that the Company had been adjudged a bankrupt in 1976 and that in the final accounting appellee had been awarded $234.89, which was credited to appellant's account. The Company was not made a party to the amended petition, appellee's contention being that the adjudication of bankruptcy made such inclusion unnecessary. The record before this court includes findings of fact and conclusions of law.

Appellant has brought fourteen points of error. In view of our disposition of this case, only points of error no. one, complaining of the trial court's error in finding that the corporation was duly made a party to the suit, and points two through six plus nine through eleven, all concerning the trial court's errors in its findings of fact and conclusions of law with reference to the guaranty agreement, will be considered.

Point of error no. one is immaterial in that the major issue regarding the corporation was its bankruptcy, and counsel for both parties stipulated as to the adjudication of said corporation as a bankrupt. Upon the pronouncement of bankruptcy, the corporation was no longer a necessary party to this suit, Article 1987, V.A.C.S. and could be dismissed from any pending litigation. Article 2088, V.A.C.S. *Brooks v. American Nat. Bank,* 103 S.W.2d 246 (Tex. Civ.App.—Beaumont 1937, writ dism'd.); *Boggs v. Farmer's Fund of Texas,* 37 S.W.2d 205 (Tex.Civ.App.—Dallas 1931, no writ). Consequently, the Langson brothers were no longer merely secondarily liable as signers of a guaranty, but had actually become the principals. *Huggins v. Johnston,* 120 Tex. 21, 35 S.W.2d 688 (1931). Thus, the issue of the corporation's being made a party to the suit and being served with citation became moot.

Appellant's points of error regarding the guaranty agreement will be discussed jointly. This written guaranty, signed by appellants, provides:

> The undersigned, Don K. Langson and Richard K. Langson, agree to personally guarantee the purchases of Langson Brothers Construction Co., Inc. from Scholl Lumber Company, Inc., all purchases are to be made by purchase order only. Signed by Don K. Langson, Richard K. Langson, Richard Ardoin Supt., or Barbara Leach Purchasing Agent.

Appellants contend this guaranty means that the Langsons only guaranteed those purchases made by a written purchase order and signed for by the persons named therein. Appellants also argue that this guaranty should be construed by the rule of *strictissimi juris*. In *Empire Steel Corp. of Texas v. Omni Steel Corp.*, 378 S.W.2d 905 (Tex.Civ.App.—Fort Worth 1964, ref'd n. r. e.), the court interpreted this rule to mean that where there is doubt and uncertainty existing as to the meaning of a guaranty which would render it susceptible to two interpretations, one favorable to the guarantor, the other unfavorable, the former interpretation will be adopted in favor of the guarantor. In a subsequent case, the Supreme Court of Texas interpreted this rule to mean that after the terms of a guaranty agreement have been ascertained, the rule of *strictissimi juris* applies, meaning that the guarantor is entitled to have his agreement strictly construed and that it may not be extended by construction or implication beyond the precise terms. *McKnight v. Virginia Mirror Company*, 463 S.W.2d 428 (Tex.1971).

▪ Texas law is well settled as to the rights of a guarantor as in the case before us. He may rely and insist upon the terms and conditions of his guarantyship being strictly followed, and "If the creditor and principal debtor vary in any degree the terms of the contract, then a new contract has been formed, upon which new contract the surety is not obligated and cannot, therefore, be bound." *Jarecki Mfg. Co. v. Hinds*, 295 S.W. 274 (Tex.Civ.App.–Eastland 1927); 6 S.W.2d 343 (Tex.Comm'n.App.1928, writ dism'd).

▪ The record in this case shows that appellee introduced into evidence a group of invoices for building materials allegedly sold to the Company and delivered to various job sites. No purchase orders were introduced, and there was no testimony that any such orders existed with reference to the materials sold.

Appellee argues that the guaranty agreement is clear and plain and that said agreement did not require written purchase orders but only "that the goods be signed for in receipt" by the persons named in the agreement. We find nothing in the agreement to the effect "that the goods be signed for, in receipt by" the persons named in the agreement. The guaranty recites: ". . . all purchases are to be made by purchase order only." The agreement does not mention invoices. It would require a strained and extended construction by this court to conclude that "Signed by Don K. Langson, Richard K. Langson, Richard Ardoin Supt., or Barbara Leach Purchasing Agent" had reference to oral purchase orders or invoices. We hold that the guaranty agreement executed by appellants required that appellee sell goods to appellants only on purchase orders signed by the persons named in the agreement. There is no evidence to support the trial court's conclusions of law no. 4 that "The terms of the guaranty agreement (Plaintiff's Exhibit number 4) were complied with in all respects" and no. 5, that "Oral purchase orders complied with the terms of the written guaranty agreement." Appellee sold goods to appellants on open account invoices. Its failure to procure purchase orders signed by the authorized persons resulted in a variance of the terms of the guaranty agreement, thereby relieving appellants from liability as a matter of law. *McKnight v. Virginia Morror Co.*, supra at 430. Appellants' points of error enumerated above are sustained.

The judgment of the trial court is reversed and judgment is rendered for appellants.

COLEMAN, C. J., and PEDEN and DOYLE, JJ., sitting.