In re Walter Morton BOYLES, a/k/a
Pat Boyles, Debtor.

Walter Morton BOYLES, Plaintiff,

v.

Ernestine HYDER, Defendant.

Bankruptcy No. BK4–79–202.

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

Aug. 30, 1982.

Rufus Garrett, Jr., Fort Worth, Tex., for
plaintiff.

Joseph Colvin, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The Debtor in this Chapter XI proceeding filed an objection to the claim asserted by Ernestine Hyder for contribution in the payment of a judgment against both parties. Hyder has filed a motion for summary judgment. All material fact issues are either stipulated by the parties or resolved by a state court judgment. Only determinations of law remain.

In 1977 a Texas state court judgment was rendered against the Debtor and Hyder as joint intentional tort-feasors for conspiracy to deprive a real estate broker of his commission and against the Debtor for tortious interference with a contract. See *Boyles v. Thompson,* 585 S.W.2d 821 (Tex. Civ. App. —Ft. Worth 1979, no writ hist.) Hyder paid the full amount of the judgment into the registry of the trial court before Debtor filed his bankruptcy petition and she now asserts a right of contribution against Debtor for his pro-rata share.

Hyder bases her claim for contribution on Vernon's Ann. Civ. St. Art. 2212 which provides, in pertinent part,

"Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, except in causes wherein the right of contribution or of indemnity, . . . between the defendants is given by statute or exists under the common law, shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment."

▮ Debtor alleges that the exception to Art. 2212 applies because if he had paid the judgment, he would have been entitled to indemnity against Hyder under the common law. Indemnity is distinct from contribution in that contribution spreads financial liability among the tortfeasors; each is responsible for his pro rata share of the plaintiff's damages while indemnity shifts the financial liability entirely from one tortfeasor to another. The common law provided for indemnification of one tortfeasor when the tortfeasors were not *in pari delicto.* Tort indemnity is based on a concept of primary and secondary liability and is granted when co-tortfeasors are liable for the injuries of a third party but one tortfeasor has breached a duty which he owed both to his co-tortfeasor and the injured party while the other tortfeasor is blameless. Classic examples include: an employer who is vicariously liable for acts of his employee is entitled to indemnity from that employee, *Wheeler v. Glazer,* 137 Tex. 341, 153 S.W.2d 449 (1941); a landowner liable for a dangerous condition on his land created by his co-tortfeasor is entitled to indemnity from that co-tortfeasor if the landowner is unaware of the condition, *Y.M.C.A. v. Jasse,* 183 S.W. 867 (Tex. Civ. App.—Galveston 1912, writ ref'd.); and a retailer who sells a defective product is entitled to indemnity from the manufacturer, *Champion Mobile Homes v. Rasmussen,* 553 S.W.2d 237 (Tex. Civ. App.—Tyler 1977 writ ref'd. n.r.e.) All of the examples involve negligent tortfeasors rather than intentional tortfeasors. As co-conspirators, Hyder and Boyles are intentional tortfeasors and there is no common law right of indemnity among intentional tortfeasors. *Webb v. Hardy,* 269 S.W. 243 (Tex. Civ. App.—Ft. Worth 1924) *modified* 282 S.W. 210 (Tex.Comm. of Appeals 1926) *opinion adopted; Ladd v. Ney,* 36 Tex. Civ. App. 201, 81 S.W. 1007 (—Austin 1904, no writ hist.).[1]

Next the Debtor contends that Art. 2212 does not allow contribution among intentional tortfeasors—specifically those guilty

---

1. See also W. Prosser, Law of Torts, (4th ed. 1971). There is no indemnity in favor of intentional or reckless tortfeasors.

of conspiracy and fraud. The issue is to what extent Art. 2212 changes the common law doctrine concerning contribution among joint tortfeasors. Legal scholars trace the beginning of the common law doctrine to *Merryweather v. Nixon,* 8 T.R. 186 (1799) wherein an intentional tortfeasor was denied contribution from his co-tortfeasor. As the common law developed, the rule was applied to unintentional tortfeasors also. W. Prosser, *Law of Torts* (4th ed. 1971). The justification of the doctrine traditionally given by courts is that tortfeasors are wrong-doers and undeserving of the aid of the courts to achieve a proportionate distribution of the common burden. Some courts have also stated that the social policy of deterring wrong-doers is better accomplished if each tortfeasor is fully responsible for the damage caused. Texas originally followed the common law rule. See *Ladd v. Ney,* supra.

Today, most jurisdictions have relaxed the common law rule by statute or judicial determination. Those jurisdictions changing the rule judicially now allow contribution in favor of unintentional tortfeasors. See *Best v. Yerkes,* 247 Iowa 800, 77 N.W.2d 23 (1956) and Prosser, supra. Jurisdictions changing the rule by statute have changed the common law in a variety of ways as discussed below.

Clearly in Texas, Art. 2212 changes the common law at least to the extent of allowing contribution among unintentional tortfeasors. *Petco Corp. v. Plummer,* 392 S.W.2d 163 (Tex. Civ. App.—Dallas 1965, writ ref'd. n.r.e.). The effect of Art. 2212 on intentional tortfeasors is as yet unresolved. Dicta in two Texas cases lead to opposite conclusions concerning the effect of the statute. In *Tomerlin v. Krause,* 278

S.W. 501 (Tex. Civ. App.—Austin 1925, writ dism'd.), the court stated that a tortfeasor guilty of fraud is not entitled to contribution from a joint tortfeasor. The court cited no authority for its statement and the *Tomerlin* decision was reached on other grounds. In *Kerr v. Dorchester,* 93 S.W.2d 758 (Tex. Civ. App.—San Antonio 1936, writ dism'd.), the court stated that there was no reason fraudulent defendants should not exact contribution from each other. The case was remanded to determine whether the fraudulent inducement claims were valid.

Since there is no clear Texas authority, I have examined the judicial construction of statutes of other states containing broad provisions similar to those of Texas Art. 2212.[2] The authorities are divided.

In *Fisher v. Diehl,* 156 Pa.Super 476, 40 A.2d 912 (1945), a negligence case, the court states that the Pennsylvania Supreme Court judicially altered the common law to allow contribution among tortfeasors when there was no intentional violation of the law and this holding was later codified by 12 P.S. § 2081. Missouri and Minnesota also limit by judicial construction their broadly worded statutes to unintentional tortfeasors. *Porter v. Crawford & Co.,* 611 S.W.2d 265 (Mo. Ct. App. 1980), and *Hendrickson v. Minn. Power and Light Co.,* 258 Minn. 368, 104 N.W.2d 843 (1960). West Virginia allows contribution among joint tortfeasors except where the action is malum in se. *Haynes v. City of Nitro,* 240 S.E.2d 544 (Sup. Ct. of Appls. of W. Va. 1977).

Two jurisdictions have decisions indicating but not directly holding that their statutes allow contribution among intentional tortfeasors. In *Hunt v. Chrysler Corp.,* 68

---

**2.** My consideration does not include the statutes patterned after the 1955 Uniform Contribution among Tortfeasors Act which specifically provides that there is no right of contribution in favor of intentional tortfeasors. See Oklahoma Title 12 § 832. This is the position taken in the Restatement (second) of Torts § 886(A)(3) (1979). Also excluded are state statutes which do not allow contribution when the tortious acts involve moral turpitude (see Georgia Code 105–2012) and those which specifically provide a right of contribution among negligent tortfeasors (see Montana Code 27–1–703). The provisions of these statutes are not similar to the Texas Statute.

Mich.App. 744, 244 N.W.2d 16 (1976), the court construed the Michigan release of joint-tortfeasors provisions, enacted in conjunction with the contribution statutes, as extending to intentional tortfeasors. In *Shultz v. Young,* 205 Ark. 533, 169 S.W.2d 648 (1943), the court allowed apportionment of damages between two tortfeasors charged with assault. The apportionment provisions are part of the Arkansas contribution statute.

Federal courts have stated that the Delaware, Rhode Island, and Maryland statutes permit contribution among intentional tortfeasors. See *McLean v. Alexander,* 449 F.Supp. 1251 (D. Del. 1978) rev'd. on other grounds 599 F.2d 1190 (3rd Cir. 1979); *Testa v. Winquist,* 451 F.Supp. 388 (D.R.I. 1978); and *Webster Motor Car Co. v. Zell Motor Car Co.,* 234 F.2d 616 (4th Cir. 1956).

The court in *Primoff v. Duell,* 85 Misc.2d 1047, 381 N.Y.S.2d 947 (1976) states that nothing in the New York statute bars contribution among intentional tortfeasors. See also New York Practice commentary 1401:3. In *Judson v. Peoples Bank and Trust Co. of Westfield,* 17 N.J. 67, 110 A.2d 24 (1954), the court found that New Jersey Code 2A–53A–2 allows contribution among intentional tortfeasors who fraudulently conspired to oust plaintiff from control of a corporation. The court notes this is a substantial change from the common law.

■ I am persuaded by the conclusions of the New York and New Jersey courts. The Texas statute is broadly worded to allow contribution in favor of any tortfeasor. Absent a clear mandate by the Texas legislature or Texas courts to limit the provisions to unintentional tortfeasors, I will construe the statute literally. Also, from a policy standpoint, this result is sensible. The common law rule has been justified as deterring wrong-doers, but allowing one tortfeasor to go scott-free while penalizing a joint tortfeasor does little to deter the wrong-doer who pays nothing. Further, it seems questionable that the majority of those who conspire, commit fraud, and inflict other wrongs intentionally are deterred by a rule they probably never consider and indeed do not know until long after the intentional wrong is committed. When contribution among intentional tortfeasors is allowed, all wrong-doers are punished to some extent for their actions. Allowing contribution in no way prejudices the injured party who remains free to seek full satisfaction from any one of the tortfeasors. Contribution only effects the rights of the wrong-doers among themselves.

Debtor's other objections can be summarily dismissed. He asserts the state court resolved only the broker's rights against Hyder and himself, not the rights of Hyder and himself *inter se,* and that the judgment became a nullity upon its payment. He claims another hearing is necessary to determine the issue of common liability in which the equities of the parties would be weighed. Debtor relies on *Travelers Insurance Co. v. U.S.,* 283 F.Supp. 14 (D. Ct. S.D. Tex. 1968) and *Greenspan v. Green,* 255 S.W.2d 917 (Tex. Civ. App.—Dallas, 1953 writ ref'd n.r.e.). In the *Travelers* case, plaintiff and one tortfeasor reached a settlement in which the United States did not participate. The first tortfeasor then asserted a right to contribution or indemnity against the United States as a co-tortfeasor. A trial was necessary to determine whether the United States was a tortfeasor at all. In the case at bar, the state court has determined Debtor's liability as a tortfeasor. Weighing the equities of the parties is unnecessary since Art. 2212 is not a comparative statute; all joint tortfeasors contribute on a pro-rata basis regardless of the equities. Although the state court judgment may now be a nullity, payment of that judgment created the rights given the payor by the statute in question. *Greenspan,* supra.

■ Debtor asserts the appellate decision affirming the trial court was rendered after Debtor's Chapter XI proceedings began and that the broker could not have enforced the judgment against the Debtor. I do not believe this precludes Hyder, upon paying the judgment, from asserting a claim in Debtor's bankruptcy case for contribution.

If the judgment had not been paid Thompson, the broker, could have filed a proof of claim in the bankruptcy case.

█ Debtor contends Hyder has no right to contribution since Vernon's Ann. Civ. St. Art. 2212a requires all claims for contribution between defendants in the primary suit must be resolved in the primary suit. Article 2212a applies only to negligent co-tortfeasors and is inapplicable here. Texas courts allow tortfeasors claiming contribution under Art. 2212 to assert their right after the primary suit. *Greenspan, supra.*

█ Finally Debtor claims Hyder's action is barred by the statute of limitations. It is unnecessary to decide whether the two or four year statute of limitations applies because Hyder paid the judgment in 1979 and asserted her claim a year later.

I find Ernestine Hyder's claim should be allowed for one-half of the judgment paid by her plus interest. See *Poenisch v. Quarnstrom,* 386 S.W.2d 594 (Tex. Civ. App. —San Antonio 1965, writ ref'd. n.r.e.). Hyder's motion for summary judgment will be granted.