## HUNT v CHRYSLER CORPORATION

1. TORTS—JOINT TORTFEASORS—RELEASE—STATUTES—INTENTIONAL
   TORTS—NONINTENTIONAL TORTS.
   The statute which allows a plaintiff to sue one joint tortfeasor
   even after releasing other joint tortfeasors from liability applies
   equally to intentional and nonintentional joint tortfeasors who
   fall within the statute (MCLA 600.2925[2]; MSA 27A.2925[2]).

2. TORTS—JOINT TORTFEASORS—CONTRIBUTION—STATUTES—COMMON
   LAW—INTENTIONAL TORTS.
   There is a statutory right to contribution among all joint tortfea-
   sors, and where the statute does not apply there is a common-
   law right of contribution among unintentional wrongdoers and
   a common-law prohibition of contribution among intentional
   tortfeasors (MCLA 600.2925[1]; MSA 27A.2925[1]).

3. TORTS—CONSPIRATORIAL TORTS—JOINT TORTS.
   A conspiratorial tort is the oldest form of a joint tort.

4. TORTS—COVENANT NOT TO SUE—DISMISSAL WITH PREJUDICE—JOINT
   TORTFEASORS.
   A covenant not to sue certain defendant tortfeasors and dismissal
   from the action of those defendants with prejudice does not
   prevent continuation of the suit against a remaining defendant
   tortfeasor.

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted January 12, 1976, at Detroit. (Docket No.
22814.) Decided May 17, 1976. Leave to appeal
applied for.

REFERENCES FOR POINTS IN HEADNOTES
[1] 74 Am Jur 2d, Torts § 61.
   Modern trends with respect to release of one joint tortfeasor as
   discharging liability of others. 73 ALR2d 403.
[2] 18 Am Jur 2d, Contribution §§ 35, 40, 41, 57.
[3] 74 Am Jur 2d, Torts § 61 et seq.
[4] 74 Am Jur 2d, Torts § 70.
   Release of, or covenant not to sue, one primarily liable for tort, but
   expressly reserving rights against one secondarily liable, as bar to
   recovery against the latter. 20 ALR2d 1044.

Complaint by L. B. Hunt against Chrysler Corporation seeking equitable relief and compensation for damages arising from a fraudulent stock transaction. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Colista, Baum & Domonkos,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Thomas G. Kienbaum* and *Timothy H. Howlett),* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and D. E. HOLBROOK, Jr., JJ.

BRONSON, P. J. We must determine if present plaintiff has a right to continue his lawsuit against defendant, Chrysler Corporation, after plaintiff has released from liability four other defendants and they have been dismissed, with prejudice, from the litigation.

In 1968, plaintiff-appellant sought legal and equitable relief from the Wayne County Circuit Court, alleging that Peter Fink, Jack Freeman, and present appellee Chrysler defrauded plaintiff and other common stockholders of Frank Motor Homes. In 1971, two more defendants, PRF Industries and Travco Corporation, alleged to be the successor corporations to Frank, were added. Plaintiff's general allegations were that defendants forced Frank Motor Corporation's stockholders to sell their stock at an excessively low price to certain of defendants, thereby enabling the defendants to gain control of the enterprise. Upon renaming the business, defendants operated and controlled the concern for their own benefit. Further specifics of the complaint, though interesting,

need not be set forth to resolve the question we will address.

In 1974, plaintiff negotiated releases with all defendants, save Chrysler Corporation. The trial court dismissed with prejudice plaintiff's claims against the released defendants. Chrysler subsequently brought a motion for "accelerated judgment and/or summary judgment or partial accelerated judgment and/or summary judgment".[1]

Chrysler claimed that the release of one or more joint tortfeasors has the effect of releasing from liability all remaining tortfeasors. Chrysler further claimed that a dismissal with prejudice as to defendants Fink, Freeman, PRF Industries and Travco Corporation necessarily terminated plaintiff's suit against Chrysler, for the dismissal was an adjudication of the merits of the case against plaintiff. The trial court granted summary judgment primarily on the first ground, holding that the release of some of the intentional joint tortfeasors released all intentional joint tortfeasors. The trial judge additionally concluded that the dismissal with prejudice of the cause of action as to the four released defendants necessarily destroyed plaintiff's cause of action against Chrysler.

I. *Effect of Release.*

We conclude that the release of the four defendants did not release defendant Chrysler from all

---

[1] We again state that we do not look with favor on hybrid motions. *See Knapp v Dearborn,* 60 Mich App 18, 26; 230 NW2d 293 (1975), and *Hobbs v State Highway Department,* 58 Mich App 189, 190, fn 1; 227 NW2d 286 (1975). Release is the subject of a GCR 116.1(5) accelerated judgment motion.

Nonetheless, we will consider the question presented. *See Van Liere v State Highway Department,* 59 Mich App 133, 136, fn 1; 229 NW2d 369 (1975).

liability. To reach this conclusion, we need only consider MCLA 600.2925(2); MSA 27A.2925(2):[2]

"(2) It shall be lawful for all persons having a claim or cause of action against 2 or more joint tortfeasors to compound, settle with, and discharge, at any time prior to rendition of a judgment in said action, any and every one or more of said joint tort-feasors for such sum as such person may deem fit, without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the remaining joint tort-feasors, against whom such person, or persons, has such claim or cause of action, and not so released."

The language of the statute seems clear—a plaintiff may proceed to sue one joint tortfeasor even after releasing other joint tortfeasors. Barring a release of Chrysler under some other doctrine,[3] the statute would seem to permit plaintiff to continue litigation against Chrysler.

However, the trial judge believed that the statute did not apply to "intentional joint tortfeasors". He concluded that the Michigan Supreme Court, in *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970), limited the statutory release provisions to nonintentional tortfeasors.

After careful study of *Moyses,* we find that we disagree with the learned lower court judge. Al-

[2] MCLA 600.2925(2); MSA 27A.2925(2) has been repealed and replaced by MCLA 600.2925d; MSA 27A.2925(4) for torts committed on or after January 1, 1975. This new statutory scheme is not applicable to the present case and will not be discussed.

[3] *E.g.,* release of a servant releases master if master's sole liability is based on principles of *respondeat superior. See Drinkard v William J Pulte, Inc,* 48 Mich App 67; 210 NW2d 137 (1973). Chrysler's motion did contend that because its sole liability was derived from its status as employer of released conspirator Freeman, it should be released. The trial judge did not consider this ground and we are unable to determine if Chrysler is entitled to dismissal on this ground. Chrysler is free to renew this argument below.

though *Moyses* accomplishes a considerable number of things, it does not bifurcate joint tortfeasors falling within the statute. *Moyses* does distinguish intentional and nonintentional tortfeasors who fall outside the statute—*i.e.,* who are not joint tortfeasors—but it does not attempt to make the same distinction within the statute.

A careful review of *Moyses* is in order. After addressing a preliminary procedural question of joinder, the Court turned to the scope of MCLA 600.2925(1); MSA 27A.2925(1), concerning contribution among joint tortfeasors. After setting forth the specific definition of joint tortfeasors, the Court concluded that the defendants and proposed third-party defendants in that case were not joint tortfeasors, but were at best severally liable. 383 Mich at 331–332. Because the statute was inapplicable, the Court turned to nonstatutory, common-law principles to determine contribution rights. It examined the common law of contribution, found it unsatisfactory, and proceeded to alter the common-law principles of contribution between or among "wrongdoers". The Court's alterations of common law clearly did draw a distinction between intentional and unintentional tortfeasors:

"Stimulated by the national advancement of principles set forth in the Uniform Contribution Among Tortfeasors Act, *supra,* the tendency of other courts to provide by judicial action the right of contribution on behalf of all but intentional wrongdoers, and the compelling admonitions of modern writers like Prosser, we have decided to overrule what is left of Michigan's common-law bar of contribution between or among 'wrongdoers', wilful or intentional wrongdoers excepted." 383 Mich at 334.

This distinction was made, however, with reference to the formulation of a new common-law

doctrine, not with reference to statutory interpretation.

The conclusion we draw from *Moyses* is that there is a statutory right to contribution among *joint* tortfeasors, and, outside the statutory coverage, a new common-law right of contribution among unintentional "wrongdoers" and the old common-law prohibition among intentional tortfeasors.

*Moyses* really says nothing about the doctrine of release other than the clear holding that MCLA 600.2925; MSA 27A.2925 applies only to joint tortfeasors. We need only decide if defendants are joint tortfeasors within the *Moyses* definition to determine if the release provisions apply.

The lower court judge in the present case concluded: "That the defendants are joint tortfeasors is not disputed. As plaintiff so aptly stated, 'Defendants were engaged in pure, classical, and archetypical joint tortfeasor conduct'." We agree with that assessment. The plaintiff alleged that defendants were engaged in a conspiracy to defraud the stockholders. A conspiratorial tort is the oldest form of a "joint tort". See Prosser, Torts (4th ed), § 46, p 291.

We are convinced that the purpose of the statute is served by allowing plaintiff to proceed against Chrysler. To paraphrase Judge, now Justice, LEVIN, to restrict the statutory definition of joint tortfeasor in this remedial legislation to nonintentional tortfeasors is to aid those who least deserve the protection of a release doctrine—intentional tortfeasors. See *Duncan v Beres,* 15 Mich App 318, 328–329; 166 NW2d 678 (1968). It would indeed be anomalous to allow plaintiff to sue unreleased negligent tortfeasors while allowing an unreleased intentional tortfeasor to escape liability.

In sum, because defendants were alleged to be joint tortfeasors, and because MCLA 600.2925(2); MSA 27A.2925(2) allows a plaintiff to continue to sue a defendant even after release of fellow joint tortfeasors, plaintiff's suit against Chrysler is not barred.

## II. *Effect of dismissal with prejudice.*

We can more readily dismiss appellee's second contention that the dismissal with prejudice of plaintiff's cause of action as to the four released defendants necessarily destroyed plaintiff's action against Chrysler. Because, as we have concluded, plaintiff could negotiate a financial settlement, releasing the codefendants, it follows that plaintiff could take the less significant step of agreeing to dismiss the suit against the four defendants without necessarily impairing his action against Chrysler.[4] *Cf., Boucher v Thomsen,* 328 Mich 312; 43 NW2d 866 (1950) (covenant not to sue certain defendants and dismissal of those defendants with prejudice held not to prevent suit against remaining defendant).

Reversed and remanded for further proceedings.

[4] Again we note that we are unable to tell from the present record if Chrysler's liability is solely in the nature of a *respondeat superior* liability. If this is shown to be the case, we would be forced to reassess our consideration of the dismissal with prejudice issue.