FIDELITY AND DEPOSIT COMPANY OF MARYLAND v
NEWMAN

Docket No. 51112. Submitted April 16, 1981, at Detroit.—Decided
    September 21, 1981.

Fidelity and Deposit Company of Maryland filed an action as
    assignee and subrogee of Frankenmuth Mutual Insurance Com-
    pany against William G. Newman in Wayne Circuit Court. The
    complaint alleged that Newman was employed as an appraiser
    and claims adjuster by Frankenmuth Mutual and that while so
    employed he misappropriated and diverted funds of Franken-
    muth for his own use. The complaint further alleged that
    Newman filed false automobile claims and authorized the issu-
    ance of drafts to satisfy the nonexistent claims. Subsequently,
    Newman filed a third-party complaint against Ted Boschma
    and ten other persons alleging that those persons were joint
    tortfeasors and seeking contribution from them. Roland L.
    Olzark, J., entered an order granting summary judgment to
    Boschma. Newman appeals alleging that the trial court erred
    in granting summary judgment to Boschma. *Held:*

Fidelity's action against Newman is based on fraud and
    conversion which are intentional torts. Because an intentional
    tortfeasor who is being sued for a breach of a fiduciary duty has
    no right to contribution from other joint tortfeasors Newman's
    claim against Boschma is unenforceable, and the trial court did
    not err when it granted summary judgment.

Affirmed.

1. Motions and Orders — Summary Judgment — Failure to State
    a Claim.

    A motion for summary judgment on the ground that a pleading
    of an opposing party has failed to state a claim or defense is to

References for Points in Headnotes
[1] 61A Am Jur 2d, Pleading § 230 *et seq.*
    73 Am Jur 2d, Summary Judgment § 29.
[2] 18 Am Jur 2d, Contribution §§ 41, 42.
    74 Am Jur 2d, Torts § 78.
[3] 18 Am Jur 2d, Contribution § 33.
[4] 18 Am Jur 2d, Contribution §§ 35, 40, 41.

be tested by the pleadings alone; the motion tests the legal basis of the complaint, not whether it can be factually supported and the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover the motion should be denied (GCR 1963, 117.2[1]).

2. CONTRIBUTION — FIDUCIARIES — TORTS.
    The Uniform Contribution Among Tortfeasors Act should not extend to liabilities arising out of breaches of fiduciary relationships.

3. CONTRIBUTION — TORTS.
    The general rule of contribution allows a defendant who pays more than his share of a judgment to recover contribution against other tortfeasors who have failed to pay their respective shares.

4. CONTRIBUTION — INTENTIONAL TORTS.
    Michigan common law does not permit an intentional tortfeasor recovery of contribution from other joint tortfeasors.

*Colista, Green & Adams* (by *Richard C. Kaufman),* for defendant Newman.

*Myron F. Poe,* for third-party defendant Boschma.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. This appeal presents the question of whether an intentional tortfeasor who is being sued for a tort involving the breach of a fiduciary duty may seek contribution from an alleged joint intentional tortfeasor. Defendant-third-party plaintiff William Newman seeks review of the issue after a lower court granted third-party defendant Ted Boschma's motion for summary judgment pursuant to GCR 1963, 117.2(1).

Plaintiff Fidelity and Deposit Company of Mary-

land initiated this action against Newman alleging that he misappropriated and diverted funds belonging to his employer, Frankenmuth Mutual Insurance Company. The complaint also alleged that Newman filed $47,748.19 in false automobile claims with Frankenmuth. Pursuant to a contract of bond, Fidelity paid Frankenmuth and sought repayment of the funds from Newman.

Newman filed a third-party complaint against a number of third-party defendants. Ted Boschma, one of the third-party defendants, brought a motion for summary judgment, arguing that contribution among intentional tortfeasors was not a recognized doctrine in Michigan. The lower court agreed, holding:

"I do know that the general rule of law and equity * * * [is] that a person seeking the tort relief should come in with clean hands. * * * [T]he general principle of law is courts are not open to help those who are engaged in illegal activity. * * * Our courts are for people who haven't committed transgression themselves."

The standard used to review a lower court's grant of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Partrich v Muscat,* 84 Mich App 724, 729; 270 NW2d 506 (1978). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. *Id.,* 729-730. Unless the claim is so clearly unenforceable as a matter of law that no factual development

can possibly justify a right to recover, the motion under the subrule should be denied. *Id.,* 730.

The statutory provision which delineates the basic right of contribution among tortfeasors is MCL 600.2925a; MSA 27A.2925(1). The excerpt which governs contribution among joint tortfeasors states in part:

"(1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

* * *

"(8) This section does not apply to breaches of trust or of other fiduciary obligations."

This statute is substantially similar to the Uniform Contribution Among Tortfeasors Act. The commissioners' comment to subsection 1(g) of that act states:

"The meaning is clear. It is not intended that the act should extend to liabilities arising out of breaches of fiduciary relationships." 12 ULA, § 1(g), p 66.

This particular subsection of the statute has not been interpreted by a Michigan court. However, the Florida District Court of Appeals addressed the effect of this section in *Eason v Lau,* 369 So 2d 600 (Fla App, 1978), *cert den* 368 So 2d 1365 (Fla, 1979). In *Eason,* plaintiff sued a number of defendants alleging a tort involving breach of a fiduciary relationship. When plaintiff voluntarily dismissed one of the defendants, the remaining defendants moved for summary judgment claiming the

dismissal released all defendants. The trial court denied defendants' motion and they appealed.

On appeal plaintiff argued that Fla Stat 768.041 allowed the release of one tortfeasor without affecting his right against the other tortfeasors. Defendants argued that the common-law rule that the release of one tortfeasor released all tortfeasors applied because Fla Stat 768.31, which is the same as MCL 600.2925a; MSA 27A.2925(1), repealed Fla Stat 768.041. The court rejected defendant's argument citing Fla Stat 768.31(2)(g), which is the same as MCL 600.2925a(8); MSA 27A.2925(1)(8). The court stated:

"It syllogistically follows, therefore, that if the tort charged sub judice involved breach of trust or other fiduciary obligation and that Fla Stat 768.31 (the Uniform Contribution Among Tortfeasors Act) is not applicable to breaches of trust or other fiduciary obligation and if 768.041 is applicable to all torts, as held by the Supreme Court in the *Batchelor* case [321 So 2d 73 (Fla, 1975)], then the conclusion is inescapable that Fla Stat 768.31 is inapplicable and Fla Stat 768.041 is controlling. Fla Stat 768.041 being controlling, the common law rule is inapplicable; therefore the release of Virgo did not operate as a release or discharge of the other joint tortfeasors." *Id.*, 602.

In this case, Newman, as an appraiser and claims adjuster for Frankenmuth, had a fiduciary duty to refrain from misappropriating and diverting funds belonging to his employer. He also had a fiduciary duty not to file false claims with his employer. Plaintiff's action against Newman is based upon his alleged breaches of duty making MCL 600.2925a; MSA 27A.2925(1) inapplicable. Because Newman does not have a statutory right to contribution, he must demonstrate a common-

law right to contribution to avoid summary judgment.

The general rule of contribution allows a defendant who pays more than his share of a judgment to recover contribution against other tortfeasors who have failed to pay their respective shares. *Caldwell v Fox,* 394 Mich 401, 417; 231 NW2d 46 (1975). At common law, an exception to this rule was created denying the right of contribution to intentional wrongdoers. *Id.,* 417; Prosser, Torts (4th ed), § 50, p 305. Because of the liberalized joinder rules, American courts extended this exception to include negligent wrongs. *Caldwell, supra,* 418. To avoid this extension, a number of states, including Michigan, adopted statutes which gave joint tortfeasors the right to contribution. Prosser, *supra,* 307. In *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970), the Court examined MCL 600.2925; MSA 27A.2925, which was the predecessor to MCL 600.2925a; MSA 27A.2925(1). The Court held that the statute only applied to joint tortfeasors. *Id.,* 331. The Court also examined the common rule bar to contribution and abolished the rule stating:

"Stimulated by the national advancement of principles set forth in the Uniform Contribution Among Tortfeasors Act, *supra,* the tendency of other courts to provide by judicial action the right of contribution on behalf of all but intentional wrongdoers, and the compelling admonitions of modern writers like Prosser, we have decided to overrule what is left of Michigan's common-law bar of contribution between or among 'wrongdoers,'; wilful or intentional wrongdoers excepted. Such overrulement will leave the issue of contribution to equitable principles as known hitherto and now in matters of express or implied contract." *Id.,* 334-335.

Under the holding in *Moyses,* Michigan common law does not permit an intentional tortfeasor recovery of contribution from other joint tortfeasors.

Plaintiff's action against Newman is based on fraud and conversion which are intentional torts. See *Johnston's Administrator v United Airlines,* 23 Mich App 279, 285; 178 NW2d 536 (1970), *Warren Tool Co v Stephenson,* 11 Mich App 274, 299; 161 NW2d 133 (1968). Because an intentional tortfeasor who is being sued for a breach of a fiduciary duty has no right to contribution from other joint tortfeasors, Newman's claim against Boschma is unenforceable, and the trial court did not err when it granted summary judgment pursuant to GCR 1963, 117.2(1).

In reaching this conclusion, we are not unaware of the Court's decision in *Hunt v Chrysler Corp,* 68 Mich App 744; 244 NW2d 16 (1976). In *Hunt,* the Court examined MCL 600.2925(1); MSA 27A.2925(1), the predecessor to MCL 600.2925a; MSA 27A.2925(1), and found it applicable to joint intentional tortfeasors. *Id.,* 749. However, the Court did not address the effects of MCL 600.2925a(8); MSA 27A.2925(1)(8), which makes the statute inapplicable to suits alleging a breach of a fiduciary duty. Since this action arises from an alleged breach of a fiduciary duty, *Hunt, supra,* is not applicable.

Affirmed.