FEDERAL SAVINGS & LOAN INSUR-
ANCE CORPORATION, Plaintiff,

v.

John E. QUINLAN, Patrick D. Quinlan,
and James B. Quinlan, Defendants and
Counter–Plaintiffs,

and

Bonnie B. QUINLAN, P. Philip Matthews,
Lawrence A. Grace, James D. Kendall,
D. Michael Jehle, Marc Bajer, James R.
Beuche, John W. Corey, John R. Demp-
sey, James P. Frenza, Norman B. Her-
bert, William S. Hobbs, and U.S. Mutu-
al Financial Corporation, Defendants,

and

U.S. Mutual Financial Corporation,
Third–Party Plaintiff,

v.

REGENCY SAVINGS BANK, F.S.B., and
Stephen P. Banicki, Edward Mannino,
Kenneth Chupinski and Joseph Krul,
Third–Party Defendants,

and

Patrick D. QUINLAN, James B. Quinlan
and P. Phillip Matthews,
Third–Party Plaintiffs,

v.

PRICE WATERHOUSE,
Third–Party Defendant,

and

John E. QUINLAN, Jr., Patrick D. Quin-
lan, James B. Quinlan and P. Phillip
Matthews, Third–Party Plaintiffs,

v.

Stephen P. BANICKI, Edward Mannino
and Bodman, Longley & Dahling,
Third–Party Defendants,

and

John E. Quinlan, Patrick D. Quinlan
and James B. Quinlan, Third–party
Plaintiffs,

v.

Joseph KRUL, Kenneth Chupinski, Re-
gency Savings Bank, F.S.B.; Federal

Home Loan Bank Board of Indianapo-
lis, Third–Party Defendants.

Civ. A. No. 86–CV–73343–DT.

United States District Court,
E.D. Michigan, S.D.

Jan. 22, 1988.

W. Merrit Jones, Jr., Detroit, Mich., for plaintiff.

John A. Anderson, Birmingham, Mich., for third-party plaintiff James Quinlan.

Keefe Brooks, Detroit, Mich., for third-party plaintiff Patrick Quinlan.

William K. Holmes, Grand Rapids, Mich., for third-party plaintiff P. Phillip Matthews.

Emily Nicklin, Chicago, Ill., for third-party defendant Price Waterhouse.

## OPINION

DUGGAN, District Judge.

Plaintiff, Federal Savings & Loan Insurance Corporation ("FSLIC"), brought this action as assignee of all claims of U.S. Mutual Savings Bank, F.S.B., f/k/a U.S. Mutual Savings & Loan Association ("Mutual Savings"), against Mutual Savings and certain officers and directors of Mutual Savings, its subsidiaries and its parent corporation, alleging usurpation of corporate assets, mismanagement, improper, misleading and negligent recordkeeping, and violations of state and federal savings and loans statutes and regulations.

Three of the defendants (Patrick D. Quinlan, James B. Quinlan, and P. Phillip Matthews) brought third party claims against Price Waterhouse, the former accountants for Mutual Savings, seeking indemnification and contribution for FSLIC's claims based on deficiencies in accounting and recordkeeping. (Quinlan Complaint, § 79; Matthews Complaint, § 49).

Price Waterhouse brought a Motion to Dismiss the Third Party Complaint under Fed.R.Civ.P. 12(b)(6), for failure to state a cause of action. In a bench opinion, the Court denied Price Waterhouse's Motion to Dismiss the third-party claim for indemnification, and took under advisement that part of the Motion to Dismiss relating to the claim for contribution.

■ The doctrine of contribution is based on the equitable principle that a party who is compelled to pay more than his or her fair share of an obligation for which several parties are equally liable, is entitled to contribution from the other parties. *U.S. Fidelity & Guaranty v. Liberty Mutual Insurance Co.*, 127 Mich.App. 365, 372, 339 N.W.2d 185 (1983).

Price Waterhouse argues that the third party claims for contribution are deficient for two reasons; first, because FSLIC's claims against third-party plaintiffs are based on their breach of fiduciary duties, for which contribution is not available; and second, because Price Waterhouse has no common liability with defendants (i.e., third-party plaintiffs and Price Waterhouse are not jointly or severally liable in tort for the same injury).[1]

In Michigan, the right to contribution is both common law based (*Moyses v. Spartan Asphalt Paving Co.*, 383 Mich. 314, 174 N.W.2d 797 (1970)) and statutorily authorized (M.C.L.A. § 600.2925a). Prior to *Moyses*, a common law bar against contribution existed in Michigan. *Moyses* at 329, 174 N.W.2d 797. In 1941, however, the Michigan legislature created a statutory right to contribution among joint tort feasors. P.A.1941 No. 303 (C.L.1948 § 691.561, the predecessor to M.C.L.A. § 600.2925a; M.S.A. § 27A.2925(1)).

In *Moyses*, the Michigan Supreme Court concluded that the contribution statute applied to joint tort feasors only and "not other grades or types of severally liable tort feasors." *Moyses* at 331. Recognizing the unfairness of depriving a person who acted negligently of a right to contribution from another person whose negligence also caused injury, the *Moyses* court

---

1. In addition, Price Waterhouse argued that the Third-Party Complaints did not state a cause of action for contribution because third-party plaintiffs failed to allege any tort liability on the part of Price Waterhouse. A Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6), for failure to state a cause of action, only if the plaintiff could prove no set of facts in support of his or her claim which would entitle him or her to relief. The Court finds that the Third-Party Complaint sets forth tort liability on the part of Price Waterhouse sufficiently to withstand a Motion to Dismiss on this basis.

abolished the common law bar of contribution among wrongdoers, "willful or intentional wrongdoers excepted." *Moyses* at 334, 174 N.W.2d 797. In arriving at its decision to overrule the common law bar to contribution for a "negligent" tort feasor, the *Moyses* court quoted from *Prosser on Torts* (2d Ed. § 46, pp. 248, 249):

> There is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free. *Moyses* at 335, 174 N.W.2d 797.

Subsequently, P.A.1974, No. 318 amended the contribution statute to allow contribution among persons "jointly and severally" liable. (M.C.L. § 600.2925a). The amended act also provided that "[t]his section does not apply to breaches of trust or other fiduciary obligations." (M.C.L. § 600.2925a(8)). Although the common law bars contribution among intentional tort feasors (*Moyses* at 334, 174 N.W.2d 797), no such prohibition exists for the statutory right to contribution. *Hunt v. Chrysler Corp.*, 68 Mich.App. 744, 748–749, 244 N.W.2d 16 (1976).

Thus, it is clear that no *statutory* right to contribution exists where a breach of trust of other fiduciary duty is involved. At issue is whether a *common law* right to contribution exists for an unintentional breach of fiduciary duty (i.e., where the "wrongdoing" involved is negligence on the part of a fiduciary).

■ FSLIC maintains that the enactment of a statute (in this case, the contribution statute) abrogates any conflicting common law right that existed before the statute was enacted. The present case is unique, however, in that the Michigan Supreme Court expressly created a common law right to contribution, apart from the statute. *Moyses*, 383 Mich. at 331, 174 N.W.2d 797; *Hunt v. Chrysler Corp.*, 68 Mich.App. 744, 749, 244 N.W.2d 16 (1976).

The Court does not believe that, in amending the contribution statute to extend the statutory right to contribution to jointly and severally liable tort feasors, the Michigan legislature intended to supersede the common law right to contribution which the Michigan Supreme Court created in *Moyses*. The legislature is presumed to know the common law which existed before the enactment of a statute, and "absent an indication that the legislature intends a statute to supplant common law, the courts should not give it that effect." *Singer, Sutherland Stat. Const.* § 50.01 at 422 (4th Ed.1984). Further, common law rights and remedies outlive the enactment of a statutory remedy unless the statutory remedy was intended to be exclusive. *Continental Management v. U.S.*, 527 F.2d 613, 620, 208 Ct.Cl. 501 (1975).

> [S]tatutes in derogation of the common law must be strictly construed, and will not be extended by implication to abrogate established rules of common law. *Rusinek v. Schultz Lumber Co.*, 411 Mich. 502, 508 [309 N.W.2d 163] (1981), *reh'g denied*, 412 Mich. 1101.

In *Rusinek*, the Michigan Supreme Court held that the enactment of the no-fault act (M.C.L.A. § 500.3135), which partially abolished tort liability for negligent motor vehicle tort feasors, did not abrogate the common law right to consortium. *Rusinek*, 411 Mich. at 508, 309 N.W.2d 163.

Presumably, the Michigan legislature eliminated the common law bar to contribution in 1941 because of the inherent unfairness in forcing one person to bear the entire burden of an injury caused by two or more persons. *Caldwell v. Fox*, 394 Mich. 401, 419, 231 N.W.2d 46 (1975). The Michigan Supreme Court, in *Moyses*, also recognized the "obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone...." *Moyses*, 383 Mich. at 335, 174 N.W.2d 797.

In the Court's opinion, it would be contrary to the equitable principles which govern the concept of contribution (*Moyses* at 334, 335, 174 N.W.2d 797) to prevent a

fiduciary whose conduct is merely negligent from seeking contribution from another wrongdoer who also caused the loss, simply because the wrongdoing amounted to a breach of trust or of a fiduciary duty.[2]

 Therefore, it is the opinion of the Court, that, to the extent that third party plaintiffs seek contribution for liability imposed upon them for negligent conduct (i.e., nonintentional and non-willful conduct), a common law right to contribution exists. Third-party plaintiffs may seek contribution from other wrongdoers whose conduct is determined to have contributed to plaintiff's loss, even though third-party plaintiffs' alleged wrongdoing may amount to a breach of fiduciary duty.

Price Waterhouse also argues that third-party plaintiffs are not entitled to contribution because Price Waterhouse has no common liability with third-party plaintiffs. Price Waterhouse asserts that it owed a duty to Mutual Savings to perform accounting and recordkeeping functions, while third-party plaintiffs, as officers and directors of Mutual Savings, owed a duty to the depositors of Mutual Savings.

In Michigan, the common law right to contribution is available to tort feasors who are jointly and severally liable. *Moyses* at 333–335, 174 N.W.2d 797. Two or more persons are jointly and severally liable if their acts concurrently cause a single indivisible injury, even if they do not act in concert. *Gorelick v. Dept. of State Highways,* 127 Mich.App,. 324, 340, 339 N.W.2d 635 (1983); *Sexton v. American Aggregates,* 60 Mich.App. 524, 535, 231 N.W.2d 449 (1975).

█ In the present case, the injury complained of in the underlying Complaint, for which third-party plaintiffs seek contribution, is the insolvency of Mutual Savings (allegedly caused by the deficiencies in accounting and recordkeeping). The insol-

vency of Mutual Savings, and the resulting injury to its depositors, is a single, indivisible injury, for which Price Waterhouse and third-party plaintiffs may be jointly and severally liable. Therefore, third-party plaintiffs are entitled to seek contribution from Price Waterhouse, and Price Waterhouse's Motion to Dismiss the third-party claims for contribution must be denied.

An Order reflecting the above will be issued.

---

2. To hold otherwise would result in a situation where, for example, two directors of a corporation are charged with the joint responsibility of selecting a manager, and neither exercises reasonable care in carrying out this duty (e.g., by not conducting as thorough an investigation as they should have before hiring him or her); yet if the conduct of the manager causes a loss to the corporation, then, the plaintiff could choose to sue only one of the "fiduciaries", and the director sued could not seek to have the co-fiduciary held equally responsible for their joint carelessness. Such a result would not, in the Court's opinion, be equitable.